IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVEL CHINN,

    Petitioner,

v.

MARGARET BRADSHAW, Warden,

    Respondent.

Case No. 3:02cv512
JUDGE SARGUS
Magistrate Judge Abel

## ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. §2254. This matter is before the Court upon petitioner's motion for reconsideration of the Court's *Opinion and Order* of September 30, 2004, (doc.no. 30), granting in part respondent's motion to dismiss certain claims as procedurally defaulted. Specifically, petitioner seeks reconsideration of the Court's decision to dismiss as procedurally defaulted his eleventh and fourteenth claims for relief.

In its *Opinion and Order* of September 30, 2004, doc.no. 30, this Court determined, among other things, that petitioner's eleventh and fourteenth claims for relief were procedurally defaulted. In his eleventh claim for relief, petitioner challenged three different jury instructions given by the trial court during the penalty phase of his case. Specifically, he argued that the trial court failed to adequately instruct the jury as to what constituted the aggravating circumstances that they were to weigh, that the trial court erred in failing to merge duplicative capital specifications for the jury's weighing process, and that the trial court erred in allowing the jury to consider both the "prior calculation and design" and "principal offender" elements of the felony murder capital specifications. This Court found that all three of petitioner's challenges

were procedurally defaulted, due to trial counsel's failure to object to the instructions during trial, and that ineffective assistance of trial counsel did not constitute cause and prejudice sufficient to excuse the default because petitioner could not demonstrate both that counsel performed deficiently in failing to object and that, but for counsel's failure to object, there was a reasonable probability that the outcome of petitioner's penalty hearing would have been different. Petitioner challenges this Court's determination that he did not establish cause and prejudice to excuse the default of his eleventh claim for relief. Petitioner insists that trial counsel performed unreasonably and to his prejudice in failing to object to the jury instructions, sufficient to constitute cause and prejudice to excuse the default of his eleventh claim for relief.

Petitioner's motion for reconsideration of the Court's decision with respect to his eleventh ground for relief is without merit and will be denied. Petitioner has pointed to no mistake of law or fact on the Court's part in determining that he failed to demonstrate cause and prejudice to excuse the default of his eleventh claim for relief. Petitioner has advanced nothing new to persuade this Court either that his trial attorneys performed deficiently or that, but for counsel's allegedly deficient performance, there is a reasonable probability that the outcome of his penalty hearing would have been different.

In his fourteenth claim for relief, petitioner argued that the trial court had erred in instructing the jurors during the penalty phase of his case that, in order to recommend a life sentence, they had to unanimously find that the aggravating circumstances did not outweigh the mitigating factors. This Court determined that petitioner's claim was procedurally defaulted because petitioner had failed to present the claim on his first appeal of right to the court of appeals and then on his second appeal of right to the Supreme Court of Ohio. Specifically, the

Court rejected petitioner's arguments that he had fairly presented the claim to the Supreme Court of Ohio on direct appeal as a supplemental proposition of law in a motion for reconsideration, and that the Ohio Supreme Court, by summarily denying the motion for reconsideration, ruled on the merits of his claim and therefore preserved it for federal habeas corpus review. In so holding, the Court deemed the Ohio Supreme Court to have enforced against petitioner's claim the state procedural rule that the Ohio Supreme Court will not hear claims that were not first raised in the court of appeals below, *see State v. Williams*, 51 Ohio St. 2d 112, paragraph two of the syllabus (1977), *vacated in part on other grounds*, 438 U.S. 911 (1978). The Court deemed that the *Williams* rule had been enforced because petitioner had presented the claim to the Ohio Supreme Court in a manner, *i.e.*, as a supplemental proposition of law in a motion for reconsideration, that did not give the Ohio Supreme Court an opportunity to enforce the *Williams* rule, or any procedural rule, against his claim. Petitioner seeks reconsideration of that aspect of the Court's decision, arguing that it was improper for the Court to have deemed, under the second part of the four-part test set forth in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), that the state courts had enforced the *Williams* rule against his claim. Petitioner argues that this Court erred in concluding that, by virtue of petitioner having presented the claim as a supplemental proposition of law in a motion for reconsideration, the Ohio Supreme Court was not given the opportunity to enforce the *Williams* rule, or any procedural rule, against his claim.

Petitioner's motion for reconsideration of the Court's decision with respect to his fourteenth claim for relief is without merit and will be denied. Petitioner has pointed to no mistake of law or fact on the Court's part in determining that he defaulted his fourteenth claim for relief when he failed to present it on his first appeal of right to the Ohio court of appeals and

3

then on his second appeal of right to the Supreme Court of Ohio. Petitioner has advanced nothing new to persuade this Court that the Ohio Supreme Court was given a fair opportunity to apply the *Williams* rule, or any procedural rule, against his claim. Fair presentment of a constitutional claim requires the petitioner to raise the claim in a manner and forum that affords the state courts sufficient notice and a fair opportunity to apply controlling legal principles to the facts bearing upon the constitutional claim. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982). Nor has petitioner advanced anything new to persuade this Court that the Ohio Supreme Court's decision summarily denying the motion for reconsideration constituted a decision on the merits sufficient to preserve the claim for federal habeas corpus review.

For the foregoing reasons, petitioner's motion for reconsideration of the Court's *Opinion and Order* dismissing claims as procedurally defaulted, (doc.no. 31), is DENIED.

EDMUND A. SARGUS, JR.
United States District Judge

Date: 9-9-2005

4