IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVEL CHINN,

        Petitioner,

                                Case No. 3:02-cv-512

v.

                                JUDGE EDMUND A. SARGUS, JR.

MARGARET BRADSHAW, Warden,

        Respondent.

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court upon Respondent's objection to the Magistrate Judge's decision allowing amendment of the habeas corpus petition (ECF No. 73). Also before the Court is Petitioner's response (ECF No. 74).

On April 6, 2012, the Magistrate Judge issued a *Decision and Order* granting Petitioner's motion for leave to file an amended petition. (ECF No. 71.) Petitioner amended his petition to add the following grounds for relief:

> **Twenty-First Ground for Relief:** Chinn's execution will violate the Eighth Amendment because Ohio's lethal injection protocol will result in cruel and unusual punishment.
>
> **Twenty-Second Ground for Relief:** Chinn's execution will violate the Fourteenth Amendment because Ohio's lethal injection protocol will deprive him of equal protection of the law.

(ECF No. 71, at 1.)

Respondent objects to the Magistrate Judge's decision on several grounds. First, Respondent argues that there is no basis for Petitioner to raise his claims in habeas corpus, not only because such claims are not cognizable in habeas corpus generally but also because Petitioner's new claims are identical to those he has raised in a § 1983 case pending before the Honorable Gregory L. Frost. (ECF No. 73, at 2-4.) Next, Respondent argues that Petitioner's new claims are barred by the statute of limitations under 28 U.S.C. § 2244(d)(1)(D). (ECF No. 73, at 5-6.)

Asserting that the Magistrate Judge's decision is neither "clearly erroneous" nor "contrary to law," Petitioner urges this Court to overrule Respondent's objection. (ECF No. 74, at 1.) First, Petitioner argues that binding Sixth Circuit precedent establishes that Petitioner's lethal injection challenges properly sound in habeas corpus. (ECF No. 74, at 4 (citing *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011)). Petitioner additionally argues that his claims belong in habeas corpus because although they are factually related to claims that he has also raised in *In Re: Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016, they are nonetheless legally distinct from those claims. Second, Petitioner argues that his amendment is timely because the one-year statute of limitations established in 28 U.S.C. § 2244(d)(1)(D) began to run on September 18, 2011—when Ohio adopted the written execution protocol currently in effect and that Petitioner seeks to challenge. (ECF No. 74, at 6-7.) Petitioner adds that there was nothing dilatory about his waiting eight months after that date to file his motion for leave to amend his petition, in view of the fact that his claim is based on factual evidence that has been developing since September 18, 2011, including during hearings before Judge Frost in November 2011, January 2012, and March 2012. (ECF No. 74, at 7-8.)

The precise issue for this Court to decide is not whether the Magistrate Judge merely erred in determining that Petitioner's amendment was cognizable in habeas corpus and/or not time-barred. Rather, only if the Court determines that any part of the Magistrate Judge's decision was clearly erroneous or contrary to law may the Court modify or set aside that part. The "clearly erroneous"standard applies to the Magistrate Judge's factual findings. A factual finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Adams v. County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000). The "contrary to law" standard applies to the Magistrate Judge's legal conclusions. Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or

2

case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).  Viewed against this backdrop, the Court is not persuaded that any part of the Magistrate Judge's *Decision and Order* was "clearly erroneous" or "contrary to law," sufficient to require this Court to modify or set it aside.

The Magistrate Judge determined that Petitioner's new claims were cognizable in habeas corpus and that the fact that Petitioner was litigating similar claims in a § 1983 action did not prohibit Petitioner from litigating his proposed claims in habeas corpus.  This Court finds nothing clearly erroneous or contrary to law in that determination.  In the instant habeas corpus action, Petitioner lodges facial, unconditional challenges to the constitutionality of Ohio's execution method.   Those challenges are factually related to, but legally distinct from, the challenges that he is litigating in *In re Ohio Execution Protocol Litigation*.  Judge Frost explained at the inception of the § 1983 challenge to Ohio's execution procedures the differences between a method-of-execution challenge properly raised in § 1983 and a method-of-execution challenge properly raised in habeas corpus and this Court agrees with his reasoning.  *Cooey v. Taft*, Case No. 2:04-cv-1156, ECF No. 14, at 17-18 (S.D. Ohio Mar. 28, 2005).

In the Sixth Circuit, method-of-execution challenges are cognizable in habeas corpus. *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *see also Brinkley v. Houk*, Case No. 4:06CV0110, 2011 WL 6029941, at *80 (N.D. Ohio Dec. 5, 2011); *Frazier v. Bobby*, No. 3:09-CV-1208, 2011 WL 5086443, at *58 (N.D. Ohio Oct. 25, 2011). The three cases that Respondent cites do not squarely support his position that method-of-execution challenges are not cognizable in habeas corpus.  In *Hill v. Mitchell*, Case No. 1:98-cv-452, 2007 WL 2874597, at *16-18, (S.D. Ohio Sep. 27, 2007), this Court concluded that Petitioner had not demonstrated good cause to conduct discovery on his method-of-execution challenge as pleaded.  This Court expressed no opinion on the merits of his claim and nowhere deemed all method-of-execution challenges non-cognizable in habeas corpus.  In *Henness v. Bagley*, Case No. 2:01-cv-043, 2007 WL 3284930, at *64 (S.D. Ohio Oct. 31, 2007) (Merz, M.J.), the Magistrate Judge concluded that the petitioner's

claim was non-cognizable in habeas corpus, but only because it was pleaded as a challenge to the

specific drug protocol rather than a general challenge to execution by lethal injection.  The claims

at issue herein resemble the latter.  In *Gapen v. Bobby*, Case No. 3:08-cv-280, 2012 WL 140232,

at *4 (S.D. Ohio Jan. 18, 2012), the Magistrate Judge did allow the petitioner to amend his

habeas corpus action to add two lethal injection claims similar to the claims that Petitioner herein

seeks to add. Finally, this Court is aware of no authority precluding an inmate from

simultaneously litigating a method-of-execution challenge in habeas corpus and a related

method-of-execution challenge in § 1983. *See Lynch v. Hudson*, No. 2:07-cv-948, 2011 WL

4537890, at *129-133 (S.D. Ohio Sep. 28, 2011) (Frost, J.).  Thus, this Court finds nothing

contrary to law or clearly erroneous about the Magistrate Judge's determination that Petitioner's

new claims are cognizable in habeas corpus.

The Magistrate Judge also determined that Petitioner's new claims were not time-barred

under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(D).  This Court finds

nothing clearly erroneous or contrary to law in that determination.  Section 2244(d)(1)(D)

provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of *** the date on which the factual
> predicate of the claim or claims presented could have been discovered through the
> exercise of due diligence.

28 U.S.C. § 2244(d)(1)(D).  Respondent's argument is that, "[w]here the nationally publicized,

so-called 'botched' execution of Joe Clark took place on May 2, 2006, when does Chinn claim he

'discovered' that Ohio might be engaging in 'maladministration' of its lethal injection

protocol.?"  (ECF No. 73, at 5.)

Petitioner reiterates in response that "the claims could not have been raised previously,

because the claims and/or evidence that support the claims did not exist until recently, when

Ohio adopted its latest written execution policy on September 18, 2011."  (ECF No. 74, at 6.)

The Court agrees.  The Sixth Circuit has taken the position that the statute of limitations

4

governing method-of-execution challenges brought via § 1983 begins anew any time Ohio adopts a new written protocol. *See Cooey v. Strickland*, 604 F.3d 939, 942 (6th Cir. 2010) (stating that once Ohio adopted a new execution protocol, "the statute of limitations to challenge the new procedure began to run anew.")  Although the instant method-of-execution challenges are before this Court in habeas corpus, rather than a § 1983 action, the same reasoning informs the "start" date for the statute of limitations.  Even if some of the facts and anecdotal evidence supporting Petitioner's method-of-execution challenges existed prior to the effective date of the current protocol, it would be non-sensical for Petitioner to lodge a facial, unconditional challenge to a method of execution whose foundation–Ohio's execution protocol as written–has been superseded.  In fact, it could be argued that any such claim would fail to present a case or controversy, effectively putting it beyond the scope of this Court's reach.  Moreover, Respondent offers no authority supporting his position that Petitioner could have discovered the factual predicate underlying his method-of-execution challenges any time before the effective date of Ohio's most recent execution protocol.

Respondent raises a "corollary" argument "that Chinn has delayed over eight months in bringing his supposed 'newly discovered' claims to the attention of the Court." (ECF No. 73, at 5.)  "This lack of diligence," Respondent asserts, "should cause the Court to deny amendment for that reason alone."  (*Id.*)  Petitioner explains in response that:

> [T]he State revised the protocol following the June 2011 hearing effective September 18, 2011.  Also, new evidence was discovered in the hearings related to the current protocol (September 18, 2011 version) in November 2011, January 2012 and March 2012.

(ECF No. 74, at 8.)  The Court finds nothing inequitable or unreasonable in Petitioner's eight-month delay in requesting amendment, in view of ongoing development of critical facts supporting the ever-evolving challenges to Ohio's execution protocol.  That being so, the Court is not persuaded that the delay was wholly unjustified or unduly prejudicial.  More to the point, Respondent's argument is not well taken, as it fails entirely to demonstrate how the Magistrate Judge's determination was clearly erroneous or contrary to law.

5

For the foregoing reasons, the Court **OVERRULES** Respondent's objection (ECF No. 73) and **ADOPTS** the Magistrate Judge's *Decision and Order* (ECF No. 71).

**IT IS SO ORDERED.**

7-5-2012
_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

6