IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVEL CHINN,

    Petitioner,

v.

NORMAN ROBINSON, Warden

    Respondent.

Case No. 3:02-cv-512
JUDGE EDMUND A. SARGUS
Magistrate Judge Michael R. Merz

## ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's Unopposed Motion to Stay Consideration of His Lethal-Injection Claims and to Set a Deadline for Filing a Motion for Leave to Amend his Habeas Corpus Petition with New Lethal-Injection Claims. (ECF No. 95.)

On April 6, 2012, the Magistrate Judge issued a Decision and Order granting Petitioner leave to amend his Petition to add grounds twenty-one and twenty-two. (ECF No. 71.) Petitioner filed his amended petition on the same day. (ECF No. 72.) On July 5, 2012, this Court issued an Opinion and Order overruling Respondent's objections to the decision allowing Petitioner to amend his Petition. (ECF No. 77.) Respondent then filed a Supplemental Return of Writ on August 2, 2012 (ECF No. 79), Petitioner filed a Supplemental Traverse on September 11, 2012 (ECF No. 81), and Respondent filed a Supplemental Sur-Reply on October 24, 2012 (ECF No. 84).

Petitioner's new claims respectively allege that Ohio's execution policy, procedures, and practices violate Petitioner's rights under the Eighth and Fourteenth Amendments to the United

States Constitution. As pled, however, those claims target an execution protocol that no longer exists. The primary if not sole reason that this Court permitted Petitioner to add those claims at such a late date relative to the date that Petitioner filed his original petition was because those claims—although loosely informed by lethal injections that have occurred since Ohio resumed executions in 1999—strictly speaking targeted an execution protocol that only went into effect on September 18, 2011.

Petitioner filed the instant motion for a stay because the State of Ohio on October 10, 2013 adopted a new execution protocol that supersedes the protocol dated September 18, 2011 and that, according to Petitioner, leaves his lethal injection claims "at least partially moot." (ECF No. 95, at Page ID 1486.) That must be remedied; but when and how is un-knowable at this time.

On January 16, 2014, the State of Ohio executed inmate Dennis McGuire pursuant to the October 10, 2013 execution protocol. The Ohio Department of Rehabilitation and Correction ("ODRC") is presently conducting an investigation into circumstances surrounding the McGuire execution, creating uncertainty about the continued viability of the October 10, 2013 protocol. The investigation is still ongoing. (ECF No. 95, at Page ID 1487.)

The Court agrees that any amendments to Petitioner's twenty-first and twenty-second grounds for relief will be affected by the contents of any report or reports produced by ODRC's as-yet-not-completed investigation into the January 16, 2014 execution of Dennis McGuire. The Court also agrees that Petitioner will require a certain period of time after the issuance of any report or reports that result from the investigation of the McGuire execution to file any amendment or supplement to Petitioner's twenty-first and twenty-second grounds for relief. Because the Court has not granted—and is in no position to grant—any discovery on these

method-of-execution claims, it is not for this Court to require Respondent to provide Petitioner or the Court with any report or reports that result from ODRC's investigation into the McGuire execution. Rather, it is incumbent upon Petitioner to obtain any such report(s).

The Court does not agree, however, that the next step following the sixty (60) days specified above is for Petitioner to file a motion for leave to amend his Petition with new method-of-execution claims. This Court and numerous other Judges within this district have on numerous occasions determined that leave to amend is warranted under these circumstances. This Court can envision no manner in which any report(s) stemming from the McGuire execution investigation or any new protocol that Ohio may issue would give rise to new argument(s) demonstrating that leave to amend is not warranted under these circumstances. That being so, the Court sees no reason to add the more-than-ninety days it would take for full briefing and consideration of a motion for leave to amend.

For the foregoing reasons, the Court **GRANTS** Petitioner's Unopposed Motion to Stay Consideration of his Lethal-Injection Claims and **DENIES** Petitioner's Motion to Set a Deadline for Filing a Motion for Leave to Amend his Habeas Corpus Petition with New Lethal-Injection Claims. (ECF No. 95.) The Court instead **DIRECTS** Petitioner, within sixty (60) days of the date the State of Ohio releases any and all reports that result from the investigation into the McGuire execution, to file any amendment or supplement to Petitioner's twenty-first and twenty-second grounds for relief. Respondent shall have thirty (30) days to file an amended Return of Writ. Petitioner shall have thirty (30) days to file an amended Traverse/Reply.

**IT IS SO ORDERED.**

3-25-2014
EDMUND A. SARGUS, JR.
United States District Judge