# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVEL CHINN,

:

    Petitioner,

                                     Case No. 3:02-cv-512

                                :                District Judge Edmund A. Sargus, Jr.

    -vs-                                             Magistrate Judge Michael R. Merz

WARDEN, Mansfield Correctional
 Institution,

                                :

    Respondent.

## DECISION AND ORDER; REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner's Motion to Extend the Stay of Consideration of his lethal injection method-of-execution claims until April 13, 2015, which is projected to be approximately sixty days after the scheduled execution of Ronald Phillips, presently scheduled for January 2015 (Doc. No. 99). The Warden opposes the Motion (Doc. No. 101) and Chinn has filed a Reply in support (Doc. No. 102).

**Relevant Procedural History**

The Magistrate Judge has filed a Report and Recommendations (Doc. No. 60) and, following recommital, a Supplemental Report and Recommendations (Doc. No. 86) on the merits of Chinn's claims other than those related to Ohio's lethal injection protocol. In the meantime, the Court permitted Chinn to amend his Petition to raise lethal injection claims

1

(Grounds for Relief Twenty-One and Twenty-Two) under authority of *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011)(Order, Doc. No. 71, objections overruled, Opinion, Doc. No. 77).

On March 24, 2014, Chinn filed an unopposed motion to stay consideration of his lethal injection claims and extend his time to amend the Petition with new lethal injection claims until sixty days after the State of Ohio released its official report regarding the problematic execution of Dennis McGuire on January 16, 2014 (Doc. No. 95). That motion was granted and on June 24, 2014, the time was extended without objection to and including October 2, 2014 (Notation Order granting Doc. No. 98). On September 25, 2014, Chinn moved again to extend, filing the instant Motion (Doc. No. 99). To preserve the right of the parties to be heard, the Court on September 29, 2014, suspended Chinn's obligation to amend until a date to be set in deciding that Motion.

**The Position of the Parties:**

Chinn seeks an additional extension to April 13, 2015, on the same rationale as prior extensions, to wit, the need to direct his lethal injection claims to whatever lethal injection protocol is in place when the State finally sets his execution date.

The Warden now opposes further extension on the basis of *Scott v. Houk*, 760 F.3d 497 (6th Cir. 2014), which it claims "clarifies that method-of-execution claims should be pursued through Title 42 U.S.C. Section 1983 litigation." (Memo in Opp., Doc. No. 101, PageID 1540.) The Warden notes that Chinn, like Scott, is a plaintiff in *In re Ohio Execution Protocol*, Case No. 2:11-cv-1016, pending before Judge Gregory Frost of this Court, and should be compelled to pursue his constitutional claims in that case rather than further delay these habeas corpus

proceedings. *Id.* at PageID 1541.

Chinn has filed a lengthy Reply arguing that *Scott* does not overrule *Adams*. Chinn's arguments directed to the overlap, if any, between his § 1983 lethal injection claims and claims he might make in habeas are "premature at this pleading amendment stage." (Reply, Doc. No. 102.)

## Analysis

For approximately the past year, the Magistrate Judge has dealt with requests for extensions of time to re-plead lethal injection claims on a blanket basis, in part because the State of Ohio has not opposed them. Because many of the pleading dates were extended to the same date – October 2, 2014, many motions to extend further have become ripe at virtually the same time in late October 2014. For reasons of judicial economy, the Magistrate Judge had decided to differentiate among the cases depending on the stage of consideration of the non-lethal-injection claims. In *Turner v. Hudson*, 2014 U.S. Dist. LEXIS 155270 (S.D. Ohio Oct. 30, 2014), the extension was granted because of the expressed preference of District Judge Black to deal with all claims at the same time. In *Raglin v. Mitchell*, 2014 U.S. Dist. LEXIS 155634 (S.D. Ohio Nov. 3, 2014), District Judge Barrett has already ruled on the non-lethal-injection claims and it seemed unnecessary to delay finality on those claims while waiting for the lethal injection claims to reach ripeness. The same considerations applied to warrant denial of the extension in *Bays v. Warden*, Case No. 3:08-cv-076, 2014 U.S. Dist. LEXIS _____ (S.D. Ohio Nov. 5, 2014), where District Judge Rose has already adjudicated the non-lethal-injection claims.

In this case, various factors suggest granting the extension. Although recommendations

on the merits are pending, District Judge Sargus has not yet reached them for decision. Furthermore, Judge Sargus has already granted a similar extension request in Lindsey v. Jenkins, Case No. 1:03-cv-702 (Order of Sept. 16, 2014).

Accordingly, the Motion to extend Chinn's time to plead is GRANTED and his time to amend to add lethal injection claims directed to the then-current Ohio lethal injection protocol is EXTENDED to April 13, 2015.

However, the Motion to Stay Consideration of his lethal injection claims to that date is DENIED and it is respectfully recommended that those claims as presently pleaded be dismissed without prejudice as MOOT because directed to a lethal injection protocol which has been superseded.

November 5, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).