# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVEL CHINN,

:

    Petitioner,                                Case No. 3:02-cv-512

                                    :         Chief Judge Edmund A. Sargus, Jr.

    -vs-                                 Magistrate Judge Michael R. Merz

WARDEN, Mansfield Correctional
 Institution,

:

    Respondent.

---

## REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS; DECISION AND ORDER ON MOTION TO AMEND

---

        This capital habeas corpus case is before the Court on Respondent's Motion to Dismiss (ECF No. 118). Petitioner opposes the Motion (Response, ECF No. 121) and the Warden has filed a Reply in Support (ECF No. 122). The case is also before the Court on Chinn's Motion for Leave to File a Third Amended and Supplemental Petition (ECF No. 120) which the Warden opposes (ECF No. 125) and in support of which Chinn has filed a Reply (ECF No. 126).

        Because a motion to dismiss is dispositive within the meaning of 28 U.S.C. § 636(b), it requires a recommendation from an assigned Magistrate Judge, rather than a decision. However, a motion to amend is a non-dispositive matter on which a Magistrate Judge has decisional authority in the first instance. However, a motion to amend under Fed. R. Civ. P. 15 is non-dispositive and therefore within the initial decisional authority of a Magistrate Judge.

1

The Warden bases her Motion to Dismiss on the recent decision of the United States Supreme Court in *Glossip v. Gross,* 576 U.S. ___, 135 S. Ct. 2726 (2015), where the Justice Alito wrote for the majority:

> Petitioners contend that the requirement to identify an alternative method of execution contravenes our pre-*Baze* decision in *Hill v. McDonough*, 547 U.S. 573, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006), but they misread that decision. The portion of the opinion in *Hill* on which they rely concerned a question of civil procedure, not a substantive Eighth Amendment question. In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under §1983. *Id*., at 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44. We held that a method-of-execution claim must be brought under §1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence. *Id*., at 579-580, 126 S. Ct. 2096, 165 L. Ed. 2d 44.

135 S. Ct. at 2738.

The Warden argues that this passage from *Glossip* "contradicts" the reading of *Hill* which the Sixth Circuit gave that case in *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), when it held that a challenge to a lethal injection protocol can be brought in a habeas corpus case under 28 U.S.C. § 2254.  As the Warden notes, this Court has read *Adams* expansively to allow death row inmates to pursue challenges to Ohio's lethal injection protocols simultaneously in habeas corpus and in a civil rights action under 42 U.S.C. § 1983.  *Gapen v. Bobby*, 2012 U.S. Dist. LEXIS 121036, * 3-8 (S.D. Ohio 2012); *Waddy v. Coyle*, 2012 U.S. Dist. LEXIS 94103, *7 (S.D. Ohio 2012); *Sheppard v. Robinson*, 2012 U.S. Dist. LEXIS 121829, *1 (S.D. Ohio 2012); *Bethel v. Bobby*, 2012 U.S. Dist. LEXIS 154041, *1-2 (S.D. Ohio 2012); *Sheppard v. Warden*, 2013 U.S. Dist. LEXIS 5560, *21-22 (S.D. Ohio 2013); *Turner v. Bobby*, 2013 U.S. Dist. LEXIS 39470, *3-4 (S.D. Ohio 2014).

This Court has persisted in this expansive reading of *Adams* despite refusals by the Sixth Circuit to remand habeas cases for discovery on a lethal injection claim where the petitioner has

a pending § 1983 case in which he can receive the discovery necessary to support that claim. *Scott v. Houk*, 760 F.3d 497 (6th Cir. 2014); *accord, Frazier v. Jenkins,* 770 F.3d 485 (6th Cir. 2014). The Court has reasoned that neither *Scott* nor *Frazier* purported to overrule *Adams*, which remained (and indeed remains) a published and unreversed decision of the circuit court.

**Procedural History[1]**

Davel Chinn was indicted in March 1989 for the January 30, 1989, murder of Brian Jones. A Montgomery County petit jury found him guilty and recommended a capital sentence, which the trial judge imposed. The Second District Court of Appeals[2] affirmed the conviction but remanded for re-sentencing. *State v. Chinn,* 1991 Ohio App. LEXIS 6497 (2nd Dist. 1991). Chinn was re-sentenced to death and again appealed, resulting in another remand for re-sentencing. *State v. Chinn*, 1996 Ohio App. LEXIS 2530, *22-23 (2nd Dist. 1996). A capital sentence was again imposed and this time the court of appeals affirmed. *State v. Chinn,* 1997 Ohio App. LEXIS 3614 (2nd Dist. 1997). On further appeal of right, the Supreme Court of Ohio affirmed both the conviction and the sentence. *State v. Chinn*, 85 Ohio St. 3d 548 (1999), cert. denied, 528 U.S. 1120 (2000). Chinn filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 which was denied in the trial court. That denial was affirmed on appeal. *State v. Chinn,* 2001 Ohio App. LEXIS 3127 (2nd Dist. 2001). The Supreme Court of Ohio declined jurisdiction over a further appeal. *State v. Chinn*, 93 Ohio St. 3d 1473 (2001).

Chinn filed his Petition for Writ of Habeas Corpus in this Court on November 4, 2002, raising twenty Claims for Relief (ECF No. 3). On Respondent's Motion, Chief Judge Sargus

---

[1] This summary of the procedural history is extracted from the more thorough account in the original Report and Recommendations on the merits (ECF No. 60, PageID 749-774).
[2] Since the murder in question occurred before January 1, 1995, the direct appeal was to the intermediate court of appeals in the first instance.

found that Claims 5(C), 7, 11, 14, 17, and 19 were procedurally defaulted and ordered them dismissed (Opinion and Order, ECF No. 30, PageID 569). On October 14, 2009, the reference in the case was transferred to the undersigned (ECF No. 54). On October 14, 2011, the Magistrate Judge filed a Report and Recommendations recommending that the Petition be dismissed with prejudice (ECF No. 60). Chinn filed Objections (ECF No. 63) to which the Warden responded (ECF No. 66). On recommittal, the Magistrate Judge again concluded the Petition should be dismissed (Supplemental Report and Recommendations, ECF No. 86).

Shortly after the original Report was filed, Petitioner moved, on March 8, 2012, to amend the Petition "to include two grounds for relief that assert that the State of Ohio's lethal injection protocol and/or the manner in which it administers that protocol is constitutionally infirm." (ECF No. 65, PageID 1059.) Over the Warden's opposition, the Court allowed addition of Grounds for Relief Twenty-One and Twenty-Two (ECF No. 71).

In light of developments in other capital cases in Ohio, the Court allowed Chinn, on April 13, 2015, to file a Second Amended Petition including Grounds for Relief Twenty-One through Thirty (ECF No. 114, PageID 1629-30). All of these Grounds for Relief assert that "Chinn's execution by lethal injection under Ohio law" will violate some provision of the United States Constitution:

Ground 21    the Supremacy Clause

Ground 22    the Eighth Amendment prohibition on imposing a substantial intolerable risk of unnecessary, severe pain, suffering, degradation, humiliation, and/or disgrace

Ground 23    the Eighth Amendment prohibition on causing a lingering death

Ground 24    the Eighth Amendment prohibition on arbitrary and capricious administration of death penalty because of lack of legally available, effective drugs

Ground 25    the Fourteenth Amendment prohibition of experimentation on non-consenting prisoners

| | |
|---|---|
| Ground 26 | the Eighth Amendment prohibition on imposing psychological torture and suffering because of the lack of legally obtainable, effective drugs |
| Ground 27 | the Eighth Amendment prohibition on imposing a substantial, objectively intolerable risk of serious harm due to the maladministration of Ohio's execution protocol |
| Ground 28 | the Equal Protection Clause of the Fourteenth Amendment |
| Ground 29 | the Due Process Clause of the Fourteenth Amendment |
| Ground 30 | the Eighth Amendment due to Chinn's unique, individual physical and/or mental characteristics |

(Second Amended Petition, ECF No. 114, PageID 1618-20.)

In his pending Motion to Amend, Chinn proposes to re-plead Grounds Twenty-One through Thirty as follows:

| | |
|---|---|
| Ground 21 | "Chinn's sentence of execution by lethal-injection (sic) under Ohio law is an invalid sentence and thus unconstitutional because Ohio's execution laws are preempted by federal law in accordance with the Supremacy Clause." |
| Ground 22 | "Chinn's execution by lethal-injection (sic) under Ohio law will violate the Eighth Amendment because any drug DRC can procure for use in lethal injections has a substantial, objectively intolerable risk of causing unnecessary, severe pain, suffering, degradation, humiliation, and/or disgrace." |
| Ground 23 | "Chinn's execution by lethal-injection (sic) under Ohio law will violate the Eighth Amendment because it causes a lingering and/or undignified death and other Eighth Amendment violations." |
| Ground 24 | "Chinn's execution by lethal-injection (sic) under Ohio law will violate the Eighth Amendment because lack of legally available, effective drugs to conduct lethal-injection executions will result in the arbitrary and capricious imposition of the death penalty." |
| Ground 25 | "Chinn's execution by lethal-injection (sic) under Ohio law will be a human experiment on a non-consenting prisoner in violation of the Fourteenth Amendment." |
| Ground 26 | "Chinn's execution by lethal-injection (sic) under Ohio law will violate the Eighth |

5

|   |   |
|---|---|
|   | Amendment because the lack of legally obtainable, effective drugs to conduct lethal-injection executions will cause psychological torture, pain and suffering." |
| Ground 27 | "Chinn's execution by lethal-injection (sic) under Ohio law will violate the Eighth Amendment because of the substantial, objectively intolerable risk of serious harm due to DRC's [Ohio Department of Rehabilitation and Correction] maladministration of Ohio's execution protocol." |
| Ground 28 | "Chinn's execution by lethal-injection (sic) under Ohio law will violate the Equal Protection Clause of the Fourteenth Amendment." |
| Ground 29 | "Chinn's execution by lethal-injection (sic) under Ohio law will violate the Due Process Clause of the Fourteenth Amendment." |
| Ground 30 | "Chinn's execution by lethal-injection (sic) under Ohio law will violate the Eighth Amendment because of his unique, individual physical and/or mental characteristics. |

(Motion, ECF No. 120-1, PageID 1801-02.)

## Analysis

The Warden's Motion to Dismiss is directed to Chinn's Second Amended Petition. The Motion is technically moot because Chinn proposes to replace the Second Amended Petition with a Third Amended Petition and it is respectfully recommended that the Motion to Dismiss be DENIED on that basis.

The Warden repeats in her opposition to the Motion to Amend the arguments based on *Glossip, supra*, that she makes in Motion to Dismiss (Opposition, ECF No. 125).  For the reasons already given in other recently-decided motions calling for application of *Glossip*, the Magistrate Judge concludes that Chinn's Proposed Third Amended and Supplemental Petition does not adequately plead claims cognizable in habeas corpus in light of the fact that Chinn is also a plaintiff in *In re Ohio Execution Protocol Litig.,* Case No. 2:11-cv-1016.  See *Landrum v.*

*Robinson*, 2015 U.S. Dist. LEXIS 116914 (S.D. Ohio Sept. 2, 2015); *Turner v. Hudson*, 2015 U.S. Dist. LEXIS 119882 (S.D. Ohio Sept. 9, 2015); *Franklin v. Robinson*, 2015 U.S. Dist. LEXIS 120595 (S.D. Ohio Sept. 10, 2015); and *O'Neal v. Jenkins,* 2015 U.S. Dist. LEXIS 121376 (S.D. Ohio Sept. 11, 2015). In summary, the Magistrate Judge has concluded that the expansive reading of *Adams* he previously relied on is no longer tenable in light of *Glossip*, but that death row petitioners may still be able to properly plead habeas claims related to lethal injection protocols.

Based on the reasoning in those decisions, the Motion for Leave to File a Third Amended and Supplemental Petition is DENIED without prejudice to its renewal not later than October 9, 2015. In any renewed motion, Chinn must show clearly how any proposed new claims differ from claims made or proposed to be made in the *In re Ohio Execution Protocol Litig.* case and relate them to Ohio's lethal injection protocol as amended June 29, 2015. For reasons already given in the prior decisions, the Court hopefully requests Petitioner's counsel to avoid using the label "LI-habeas claims."

September 23, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).