# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVEL CHINN,

                Petitioner,     :     Case No. 3:02-cv-512

   - vs -                            Chief Judge Edmund A. Sargus, Jr.
                                       Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Institution,

                                     :

                Respondent.

## DECISION AND ORDER

This capital habeas corpus case is before the Court on Petitioner's Renewed Motion for Leave to File an Amended Petition (ECF No. 133). The Warden opposes the Motion (ECF No. 135) and Petitioner has filed a Reply in support (ECF No. 136). Noting that Petitioner had made an equitable tolling claim to which Respondent had not had an opportunity to respond, the Court invited supplemental briefing on that point (ECF No. 137) which has now been filed (Warden's Response, ECF No. 138; Petitioner's Reply. ECF No. 139[1]).

A motion to amend under Fed. R. Civ. P. 15 is a non-dispositive pretrial motion on which a Magistrate Judge to whom the case has been referred has decisional authority in the first instance.

---

[1] This Court's Order for Supplemental Briefing (ECF No. 137) did not invite, nor did Petitioner request permission to include in his supplemental reply brief additional argument on the issue of the cognizability of his lethal injection claims in habeas corpus. In spite of that, the bulk of Petitioner's supplemental brief is committed to just that issue. (ECF No. 139, PageID 9804-22.) As no invitation to further brief that question was invited, nor was permission to do so sought or granted, those arguments in Petitioner's supplemental reply brief will not be dealt with by the Court in this Decision.

1

**Procedural History**[2]

This case arises out of a murder in Dayton committed on January 30, 1989. Petitioner was indicted on counts of aggravated murder, aggravated robbery, and abduction arising out of the crime, convicted by a jury on all counts, and sentenced to be executed. Since the crime occurred before January 1, 1995, it was considered on direct appeal by the Second District Court of Appeals and remanded twice for resentencing, resulting in reimposition of the death sentence both times. The Ohio Supreme Court upheld the conviction and sentence. *State v. Chinn*, 85 Ohio St. 3d 548 (1999), *cert. denied sub nom. Chinn v. Ohio*, 528 U.S. 1120 (2000). Chinn was unsuccessful on his petition for post-conviction relief. *State v. Chinn,* 2001 Ohio App. LEXIS 3127 (2nd Dist. Jul. 13, 2001), appellate jurisdiction declined, 93 Ohio St. 3d 1473 (2001).

Chinn filed his Petition for Writ of Habeas Corpus in this Court November 4, 2002 (ECF No. 3). On motion of the Warden, Claims 5(C), 7, 11, 14, 17, and 19 were dismissed as procedurally defaulted and Claims 9(D) and 9(I) were dismissed on the merits (ECF No. 30, PageID 569). The Magistrate Judge recommended dismissal of the Petition on October 14, 2011 (Report and Recommendations, ECF No. 60). That recommendation remains pending on objections, after supplementation on recommittal (ECF No. 86).

On March 8, 2012, Petitioner moved to amend to add two lethal injection Grounds for Relief (ECF No. 65). Over the Warden's opposition, the Court allowed the addition of the following grounds:

> **Twenty-First Ground for Relief:** Chinn's execution will violate the Eighth Amendment because Ohio's lethal injection protocol will result in cruel and unusual punishment.

---

[2] This section summarizes the procedural history as set forth in the pending Report and Recommendations, ECF No. 60, PageID 753-74.)

> **Twenty-Second Ground for Relief:** Chinn's execution will violate the Fourteenth Amendment because Ohio's lethal injection protocol will deprive him of equal protection of the law.

(Amended Petition, ECF No. 72, PageID 1111, et seq.)

On March 24, 2014, Petitioner moved without opposition by the Warden to delay consideration of his lethal injection claims and set a deadline for moving to amend again sixty days after the State of Ohio "has released its official report regarding the January 16, 2014, execution of Dennis McGuire . . ." (ECF No. 95, PageID 1484). Petitioner subsequently requested two extensions which were granted (EFC Nos. 98, 110), and he ultimately filed his Second Amended Petition on April 13, 2015   (ECF No. 114).  On August 3, 2015, Petitioner moved for leave to file a third amended petition (ECF No. 120) which the Court denied without prejudice (ECF No. 127) with an October deadline for renewal that was  later extended to November 9, 2015 (ECF No. 128).  The instant Motion followed.

In denying Chinn's previous Motion to Amend but granting leave to again move to amend, the Court concluded

> Chinn's Proposed Third Amended and Supplemental Petition does not adequately plead claims cognizable in habeas corpus in light of the fact that Chinn is also a plaintiff in *In re Ohio Execution Protocol Litig.,* Case No. 2:11-cv-1016. See *Landrum v. Robinson*, 2015 U.S. Dist. LEXIS 116914 (S.D. Ohio Sept. 2, 2015); *Turner v. Hudson*, 2015 U.S. Dist. LEXIS 119882 (S.D. Ohio Sept. 9, 2015); *Franklin v. Robinson*, 2015 U.S. Dist. LEXIS 120595 (S.D. Ohio Sept. 10, 2015); and *O'Neal v. Jenkins,* 2015 U.S. Dist. LEXIS 121376 (S.D. Ohio Sept. 11, 2015). In summary, the Magistrate Judge has concluded that the expansive reading of *Adams* [*v. Bradshaw,* 644 F.3d 481 (6th Cir. 2011),] he previously relied on is no longer tenable in light of *Glossip*, but that death row petitioners may still be able to properly plead habeas claims related to lethal injection protocols.
>
> \* \* \*

>In any renewed motion, Chinn must show clearly how any proposed new claims differ from claims made or proposed to be made in the *In re Ohio Execution Protocol Litig.* case and relate them to Ohio's lethal injection protocol as amended June 29, 2015.

(Report & Order, ECF No. 127, PageID 2047-48).

**Positions of the Parties**

    **Petitioner**

Petitioner asserts that his lethal injection claims in habeas corpus proposed to be added are different from the claims he has made in the Lethal Injection Protocol § 1983 case because if the habeas claims were successful, they would "invalidate" his death sentence, whereas success in the § 1983 case "would not necessarily preclude Chinn's execution." (Motion, ECF No. 133, PageID 9666.) He makes this assertion in conclusory fashion without making a claim-by-claim comparison.

Chinn argues that "[i]t is by now well-established [sic] that a change in Ohio's lethal injection protocol gives rise to new claims and thus warrants amendment of a habeas petition." *Id*. at PageID 9668, citing Chief Judge Sargus' prior ruling to that effect at ECF No. 96 and *Lindsey v. Bradshaw*, No. 1:03-cv-702, Doc. No. 115 at PageID 1651 (Mar. 26, 2014); *Robb v. Ishee*, No. 2:02-cv-535, Doc. No. 151 at PageID 1523 (Apr. 7, 2014); *Sheppard v. Warden, Chillicothe Corr ,Inst*., 1:12-CV-198, 2013 U.S. Dist. LEXIS 5560, at *20 (S.D. Ohio Jan. 14, 2013)(Frost, D.J.); *Smith v. Pineda*, No. 1:12-cv-196, 2012 U.S. Dist. LEXIS 121019, at *13-14 (S.D. Ohio Aug. 27, 2012)(Merz, M.J.), *supplemented by* 2012 U.S. Dist. LEXIS 154037, at *2-4

4

(S.D. Ohio Oct. 26, 2012), *then adopted by* 2012 U.S. Dist. LEXIS 171759, at *2 (S.D. Ohio Dec. 4, 2012) (Rose, J.); *Chinn v. Bradshaw*, No. 3:02-cv-512, 2012 U.S. Dist. LEXIS 93083, at *8-9 (S.D. Ohio July 5, 2012) (Sargus, J.); *see also Phillips v. Robinson*, No. 5:12-cv-2323, 2013 U.S. Dist. LEXIS 108820, at *44-45 (N.D. Ohio Aug. 2, 2013) (Lioi, J.).[3]  All of this authority pre-dates the Supreme Court's decision in *Glossip v. Gross,* 576 U.S. ___,  135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015).

**The Warden**

The Warden argues the Motion should be denied because the amendments are barred by the statute of limitations and plead claims which are not cognizable in habeas corpus (Opposition, ECF No. 135, PageID 9762).

As to the statute of limitations, the Warden notes the one-year limit embodied in 28 U.S.C. § 2244(d).  While the original Petition in this case was concededly timely filed, the Warden asserts these new claims would not relate back to the original filing date date under *Mayle v. Felix*, 545 U.S. 644 (2005).

The Warden also argues Chinn's claims are not cognizable in habeas, in light of *Glossip, supra*.  She relies on *Henness v. Jenkins*, No. 2:14-cv-2580, 2015 WL 6666224, at *5 (S.D. Ohio Nov. 2, 2015)  in which this Court has held that its previous reading of *Adams v. Bradshaw, supra*, is no longer tenable in light of *Glossip*.  See also *Henderson v. Warden*, No. 1:12-cv-703, 2015 U.S. Dist. LEXIS 134120 at *9 (S.D. Ohio Sept. 30, 2015), where Judge Frost concluded

---

[3] Chinn also relies on the Remand Order in *Sheppard v. Robinson*, No. 13-3900 (6th Cir. Dec. 17, 2013)(unreported, copy at ECF No. 41 in Case No. 1:12-cv-198).  That Order is non-precedential and gives no hint of the court's reasoning.

that "*Glossip* undeniably upends" this Court's reading of *Adams*. Finally the Warden asserts Chinn's lethal injection claims are not pleaded with the factual specificity required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**Petitioner's Reply**

Petitioner asserts his new claims are timely because their factual predicates did not exist until the most recent amendment of Ohio's lethal injection protocol on June 29, 2015. Indeed, he argues, "all the new or altered procedures included in, or subtracted from, the written execution protocol and informal execution policies since 2001 are newly arising factual predicates as they relate to Chinn's claims." (ECF No. 136, PageID 9779.) Alternatively, Chinn claims the statute is equitably tolled. *Id.* at PageID 9781-83.

As to cognizability, Chinn notes that his proposed lethal injection habeas claims do not plead an alternative method of execution, as is required in a § 1983 action per *Glossip* (Reply, ECF No. 136, PageID 9784). Another critical distinction, Chinn argues, is the difference in available remedy – only habeas offers a possible declaration that the death sentence is invalid. *Id.* at PageID 9785. Finally, Chinn argues his habeas claims are different from his § 1983 claims because the habeas claims assert "that Ohio can never execute him using lethal injection without violating his constitutional rights. . ." *Id.* at PageID 9786-88. He explains:

> An injunction prohibiting the State from applying the current execution protocol to Chinn will not remedy the broader problem that the State simply cannot carry out Chinn's lethal injection execution in compliance with the law, regardless of the protocol in place at that time, and thus cannot execute him at all under Ohio law.

\

*Id.* at PageID 9789. Chinn goes on to argue

> An injunction against the state obtaining and using drugs as specified in the current execution protocol would be the full remedy in § 1983. But that would only partly remedy the problems Chinn alleges in his lethal-injection invalidity claims; injunctive relief in habeas would, in addition to enjoining the state from unlawfully obtaining and using manufactured or compounded or imported thiopental sodium or pentobarbital in violation of Chinn's constitutional rights, also preclude the state from using other drugs and from obtaining any execution drugs by unlawful means, including those drugs Ohio has used before but which are not in the current protocol, or any other drugs Ohio might use.

*Id.*

Finally, Chin claims he has pled with sufficient particularity to satisfy *Twombly* and *Iqbal*.

# ANALYSIS

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to

dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980). Affirmative defenses can be raised and adjudicated on a 12(b)(6) motion, so a clear-cut affirmative defense would render an amendment futile.

**Appropriate Fact Pleading in Habeas Corpus**

The Warden's Opposition asserts that Chinn's proposed claims are not pled with the level of factual specificity required, relying on *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (ECF No. 135, PageID 9773-75). Chinn responds that, assuming *Twombly* and *Iqbal* apply, his pleading is sufficiently factual to qualify (Reply, ECF No. 136, PageID 9791).

The Court first confronted this question in *Bays v. Warden*, No. 3:08-cv-076, 2016 U.S. Dist. LEXIS 25103 (S.D. Ohio Mar. 1, 2016). In *Bays* the Court concluded that, while *Twombly* and *Iqbal* continued the general notice pleading requirement of Fed. R. Civ. P. 8 with some modification,[4] Habeas Rule 2(c) requires fact pleading in habeas corpus cases. *Id.* at *18-21. Reviewing Bays' proposed amended grounds for relief, the Court found all but one satisfied the Rule 2(c) standard.

In this case, Chinn proposes to amend his Petition to add the following grounds for relief:

---

[4] *Twombly*, 550 U.S. at 558 (*overruling Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and specifically disapproving of the proposition from *Conley* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

**FIRST GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Chinn because the only means available for execution violate the Eighth Amendment.

> I. Any drug DRC can procure to use to execute Chinn via lethal injection has a substantial, objectively intolerable risk of causing unnecessary, severe pain, suffering, degradation, humiliation, and/or disgrace in violation of the Eighth Amendment, and Ohio has no other means available to execute Chinn that comply with the Constitution.
>
> II. Any drug DRC can procure to use to execute Chinn via lethal injection poses an objectively intolerable risk of causing a lingering and/or undignified death in violation of the Eighth Amendment, and Ohio has no other means available to execute Chinn that comply with the Constitution.
>
> III. The lack of legally available, effective drugs to conduct lethal injection executions will result in the arbitrary and capricious imposition of the death penalty on Chinn in violation of the Eighth Amendment, and Ohio has no other means available to execute Chinn that comply with the Constitution.
>
> IV. The lack of legally obtainable, effective drugs to conduct lethal injection executions, and the reality that Ohio has no other means available to execute Chinn that comply with the Constitution will cause Chinn psychological torture, pain and suffering in violation of the Eighth Amendment.
>
> V. The unavoidable variations inherent in Ohio's lethal injection system and DRC's continued inability to properly administer its execution protocol present a substantial, objectively intolerable risk of serious harm to Chinn in violation of the Eighth Amendment, and Ohio has no other means available to execute Chinn that comply with the Constitution.
>
> VI. Chinn's unique, individual physical and/or mental characteristics will cause any execution by lethal injection under Ohio law to violate the Eighth Amendment, and Ohio has no other means available to execute Chinn that comply with the Constitution.

**SECOND GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Chinn because the only means available for execution violate the Due Process Clause of the Fourteenth Amendment.

I. Execution by lethal injection under Ohio law will deny Chinn's interests in expecting and receiving a quick and painless death in violation of the Due Process Clause of the Fourteenth Amendment, and Ohio has no other means available to execute Chinn that comply with the Constitution.

II. Chinn's execution by lethal injection under Ohio law will be a human experiment on a non-consenting prisoner in violation of the Due Process Clause of the Fourteenth Amendment, and Ohio has no other means available to execute Chinn that comply with the Constitution.

**THIRD GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Chinn because the only means available for execution violate the Equal Protection Clause of the Fourteenth Amendment.

### I. Equal Protection – Fundamental Rights

A. Underlying constitutional violations in Ohio's lethal injection system substantially burdens [sic] Chinn's fundamental rights, and Ohio has no other means available to execute Chinn that comply with the Constitution.

B. Unavoidable variation inherent in Ohio's lethal injection system substantially burdens Chinn's fundamental rights, and Ohio has no other means available to execute Chinn that comply with the Constitution.

### II. Equal Protection – "Class-of-One" Disparate Treatment

**FOURTH GROUND FOR RELIEF**: The State of Ohio cannot constitutionally execute Chinn because the only means available for execution depend on state execution laws that are preempted by federal law.

I. DRC's actions in obtaining execution drugs, its import, purchase, possession, dispensing, distribution and/or administration (and any other terms of art under the CSA) of those drugs violates the CSA.

    A. The Ohio lethal injection statute and DRC's Execution Protocol, as written and as implemented, purport to permit DRC to obtain controlled substances used in executions without a valid prescription, in violation of the CSA and DEA regulations.

    B. The Ohio lethal injection statute and DRC's Execution Protocol, as written and as implemented, purport to authorize DRC, Central Pharmacy, and Southern Ohio Correctional Facility to provide controlled substances to Drug Administrators in contravention of the CSA and DEA regulations.

    C. DRC's execution protocols and the Ohio execution statute are preempted by the federal CSA.

II. DRC's actions in obtaining execution drugs, its import, purchase, possession, dispensing, distribution and/or administration (and any other terms of art under the FDCA) of those drugs contravene the FDCA because those drugs used in an execution are unapproved drugs and/or misbranded drugs and/or constitute unapproved Investigational New Drugs.

    A. Thiopental sodium can never be used as an execution drug in compliance with the FDCA.

    B. Drugs that are considered Schedule I drugs can never be used as execution drugs in compliance with FDCA and/or the CSA.

    C. No drug can ever be used to carry out a lethal injection human execution because no drug has ever been approved by FDA for the specific purpose of causing death from lethal injection during a human execution or for the purpose of causing a quick and painless death in a human execution.

    D. DRC's use of unapproved new drugs in a lethal injection execution contravenes federal law because

>> it is not subject to an Investigational New Drug Application.
>
> E. DRC's execution protocols and the Ohio execution statute are preempted by the federal FDCA.
>
> III. DRC's actions in obtaining compounded controlled substances for use as execution drugs, its import, purchase, possession dispensing, distribution and/or administrations (and any other terms of art under the CSA or FDCA) of those drugs violate federal law.
>
>> A. DRC's actions in obtaining compounded execution drugs, its procurement, obtaining, importing, purchasing, dispensing, distributing, possessing and/or administration (and any other terms of art under the CSA or FDCA) of those drugs violates federal law because compounding drugs for use in an execution violates 21 U.S.C. § 353a and/or § 353b.
>
>> B. DRC's actions in obtaining compounded execution drugs, its procuring, obtaining, importing, purchasing, dispensing, distributing, possessing and/or administering (and any other terms of art under the CSA or FDCA) of compounded controlled substances violate various other provisions of the federal drug laws.
>
>> C. DRC's execution protocols and the Ohio execution statute are preempted by federal law.

(Proposed Amended Grounds for Relief, Ex. 1 to ECF No. 133, PageID 9672, *et seq*.)  These are, of course, just the proposed grounds for relief; each is supported by many additional paragraphs of pleading.

In *Bays* the Court found that petitioner had pleaded his proposed Grounds for Relief with sufficient factual specificity except for Ground One, Sub-claim VI which alleged that "Bays unique, individual physical and/or mental characteristics will cause any execution by lethal injection under Ohio law to violate the Eighth Amendment, and Ohio has no other means

12

available to execute Chinn that comply with the Constitution." Chinn makes the same claim, but, unlike Bays, he elaborates with detailed descriptions of the physical and mental conditions which he alleges prevent his being executed by lethal injection.

The Court therefore finds the proposed amended grounds for relief are pleaded with sufficient factual detail to satisfy the fact pleading requirement of Habeas Rule 2(c).

**Cognizability of Method-of-Execution Claims in Habeas Corpus**

Relying on an expansive reading of *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), this Court had allowed method-of-execution claims to be brought in habeas corpus at the same time a petitioner is pursuing closely parallel claims in a § 1983 action. Other judges of this Court have taken the same position in the past. However, the undersigned agrees with Judge Frost that *Glossip* "undeniably upends" that practice. *Henderson*, 2015 U.S. Dist. LEXIS 134120 at *9. Accordingly, this Court has denied amendments parallel to those sought to be made here in other capital habeas corpus cases. *Turner v. Hudson*, 2016 U.S. Dist. LEXIS 6019(S.D. Ohio Jan. 19, 2016); *Campbell v Jenkins,* 2016 U.S. Dist. LEXIS 6521 (S.D. Ohio Jan. 20, 2016); *Sheppard v. Robinson*, 2016 U.S. Dist. LEXIS 18297 (S.D. Ohio Feb. 16, 2016); *O'Neal v. Jenkins,* 2015 U.S. Dist. LEXIS 121376 (Sept. 11, 2015), adopted by *O'Neal v. Warden, Chillicothe Corr. Inst.,* 2016 U.S. Dist. LEXIS 17602 (S.D. Ohio Feb. 12, 2016)(Barrett, J.); *Raglin v. Mitchell*, 2016 U.S. Dist. LEXIS 23807 (S.D. Ohio Feb. 26, 2016).; *Bays, supra.*

Upon this authority, the Court finds Chinn's four proposed Grounds for Relief are not cognizable in habeas corpus and the motion to amend to add them is, on that basis, DENIED.

**Statute of Limitations**

The Warden admits Chinn's original Petition was timely filed, but notes Chinn has presented no evidence of statutory tolling of the time since then (Opposition, ECF No. 135, PageID 9763).  The pendency of the habeas petition does not itself toll the time under 28 U.S.C. § 2244(d)(2) because it is not a State post-conviction or other collateral attack.  *Duncan v. Walker,* 533 U.S. 167 (2001)(interpreting 28 U.S.C. § 2244(d)(2)).  The Warden also argues that, by virtue of *Mayle v. Felix,* 545 U.S. 622 (2005), these new claims would not relate back to the original date of filing. *Id.*

Chinn responds by claiming that adoption of a new lethal injection protocol triggers a new limitations period (ECF No. 136, PageID 9778).  Of course a definite date for adoption of revised protocols is known in each instance when that happens; the current protocol was adopted the same day as *Glossip* was handed down.

Chinn also adverts to "evidence obtained for the first time . . . over the past several years."  *Id.*  No dates for such discovery are offered except for a hearing before Judge Frost on June 29, 2011, in the *In re Lethal Injection Protocol* case and on undisclosed dates in discovery since then.  Again without reference to dates, Chinn refers to

> [s]till other newly arising factual predicates that support Chinn's claims include the new factual landscape that has developed over only the last couple of years, in which legally available, effective drugs are no longer available to Ohio to use in carrying out a lethal-injection execution due to new corporate restrictions and changes in federal and state statutory and regulatory law and agency interpretation of federal administrative law.

(Reply, ECF No. 136, PageID 9779-80 (footnotes omitted).)

These arguments bolster the Court's conclusion that Chinn's method-of-execution claims

are not cognizable in habeas corpus because habeas primarily examines the constitutionality of a judgment already entered at a date certain in the past, whereas Chinn's line of argument would lead to justifying a new petition every time a relevant fact about an intended execution comes to light. Congress could not possibly have intended that result in adopting § 2244(d). On the other hand, such changing facts fit easily into the § 1983 framework.

Chinn makes a separate argument for equitably tolling the statute of limitations. He notes that lethal injection became the exclusive method of execution in Ohio on November 21, 2001.[5] His original Petition was filed within a year of that change. He asserts that at that time the law of the circuit was that method-of-execution claims were to be brought in habeas rather than in a § 1983 proceeding (Reply, ECF No. 136, PageID 9782, citing *In re Sapp*, 118 F.3d 460 (6th Cir. 1997)). Habeas corpus counsel allegedly understood from then until *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007), that method-of-execution claims did not become ripe until an execution was imminent. *Id.* Since the Supreme Court's decision in *Hill v. McDonough*, 547 U.S. 573 (2006), the State of Ohio has asserted that method-of-execution claims must be brought in § 1983 and not in habeas, the position the State takes in this case. The Sixth Circuit, of course, rejected that position in *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), interpreting *Hill*. Chinn cites numerous cases from both this District and the Northern District of Ohio holding that the filing of a new lethal injection protocol would restart of the limitations period. (Reply, ECF No. 136, PageID 9783, citing *Sheppard v. Warden, Chillicothe Corr. Inst.*, No. 1:12-cv-198, 2013 U.S. Dist. LEXIS 5560, at *20 (S.D. Ohio Jan. 14, 2013) (Frost, J.); *Smith v. Pineda*, No. 1:12-cv-196, 2012 U.S. Dist. LEXIS 121019, at *13-14 (S.D. Ohio Aug. 27, 2012) (Merz, M.J.), *supplemented by* 2012 U.S. Dist. LEXIS 154037, at *2-4 (S.D. Ohio Oct. 26, 2012), *then*

---

[5] This occurred during the pendency in this Court of proceedings to determine if John Byrd should be permitted to file a second or successive habeas petition and was reportedly occasioned by Byrd's having chosen electrocution which the General Assembly was no longer prepared to sanction.

*adopted by* 2012 U.S. Dist. LEXIS 171759, at *2 (S.D. Ohio Dec. 4, 2012) (Rose, J.); *Chinn v. Bradshaw*, No. 3:02-cv-512, 2012 U.S. Dist. LEXIS 93083, at *8-9 (S.D. Ohio July 5, 2012) (Sargus, J.); *see also Phillips v. Robinson*, No. 5:12-cv-2323, 2013 U.S. Dist. LEXIS 108820, at *44-45 (N.D. Ohio Aug. 2, 2013) (Lioi, J.).

In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court recognized that the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") is subject to equitable tolling.  A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 193 L. Ed. 2d 652 (2016); *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control."  *Menominee Indian Tribe*, 136 S. Ct. at 756, citing *Holland* (emphasis sic).

Chinn cites *Holland* for the proposition that "there is a rebuttable presumption in favor of equitable tolling here, when the federal statute of limitations is nonjurisdictional."  (Reply, ECF No. 136, PageID 9781).  That language is taken out of context.  What the Court held was that there is a presumption that equitable tolling can be applied to a federal statute of limitations that is not jurisdictional.  *Holland*, 130 S. Ct. at 2560, citing *Irwin v. Dep't of Veterans Affairs*, 498 U/.S. 89 (1990).  Because 28 U.S.C. § 2244(d) was held not to be jurisdictional, the Court applied the presumption and found equitable tolling can be applied to it.  It did not create a rebuttable presumption that equitable tolling is available in habeas cases generally.

In his Reply, Chinn cites five "non-exhaustive factors" to be considered in determining

whether equitable tolling is available in a particular case.  (ECF No. 136, PageID 9781, citing *Sherwood v. Prelesnik*, 579 F.3d 581 (6th Cir. 2009). Those are the same five factors the Sixth Circuit had previously adopted in *Dunlap, v. United States*, 250 F.3d 1001 (6th Cir. 2001), citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir.2000). The Sixth Circuit has more recently observed in *Ata v. Scutt*, 662 F.3d 736 n.3 (6th Cir. 2011), that in light of the holding in *Holland*, the factors the circuit previously considered to determine whether equitable tolling is appropriate per *Dunlap* only remain relevant to the extent they may inform the Supreme Court's two-part analysis, see 130 S. Ct. at 2562. See also *Robinson v. Easterling,* 424 F. App'x 439, 442 & n.1 (6th Cir. 2011).  *Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011), even more strongly states that *Dunlap's* rejection of the extraordinary circumstance requirement is no longer the law in the Sixth Circuit.

Applying the two-prong test from *Holland*, the Court finds that Chinn has not been dilatory but has in fact pursued his claims diligently since the original Petition was filed.

The Court further finds that the required extraordinary circumstance is present here where the law about which method-of-execution claims could be brought in habeas and which had to be brought in a § 1983 case has been, to say the least, less than crystal clear. This is not a situation like that in *Menominee Indian Tribe* where the claimed extraordinary circumstance was a mistake of law by the litigant.  Rather, as this Court has written in other decisions, *Adams v. Bradshaw, supra,* encouraged a reading of the law which *Glossip* "upends."

Although pendency of a federal habeas petition does not itself toll the statute, the district court may in its discretion equitably toll the statute while a petition is pending.  *Kincade v. Wolfenbarger*, 2009 U.S. App. LEXIS 8197 (6th Cir. 2009), citing Justice Stevens' concurrence in *Duncan*.  Although absence of prejudice is not itself a basis for finding equitable tolling, the

17

Court finds granting equitable tolling here will not prejudice the position of the State, particularly since Chinn has not been given an execution date.

The Court finds that the statute of limitations in this case was equitably tolled until June 29, 2015, the date *Glossip* was decided. Of course, as the Warden points out, the fact that the statute is tolled does not make Chinn's proposed new claims cognizable in habeas, but the limitations question is separable from that point.

**Conclusion**

Chinn's Renewed Motion for Leave to File an Amended Petition is DENIED for the reasons given herein as to cognizability. The Warden's arguments on specificity of pleading and time bar are REJECTED.

March 2, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge