# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVEL CHINN,

               Petitioner,       :      Case No. 3:02-cv-512

    - vs -                                 Chief Judge Edmund A. Sargus, Jr.
                                         Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Institution,

                                          :

               Respondent.

## DECISION AND ORDER DENYING MOTION TO AMEND

This capital habeas corpus case is before the Court on Petitioner's Motion for Leave to File an Amended Petition to Address Newly Ripe Claims under *Hurst [v. Florida*, 136 S. Ct. 616, 193 L. Ed.2d 504 (2016)](ECF No. 145). The Warden opposes the Motion (ECF No. 146) and Petitioner has filed a Reply in Support (ECF No. 147).

A motion to amend a habeas petition is a pretrial non-dispositive motion which Magistrate Judges are authorized to decide in the first instance. 28 U.S.C. § 636(b)(1)(A). *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.)

A pending habeas corpus petition may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990). ); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), cert denied, 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). These considerations apply

2

as well in capital habeas corpus cases. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998), quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994).

# Analysis

***Hurst* Does Not Invalidate Ohio's Capital Sentencing Scheme**

On January 12, 2016, the Supreme Court decided *Hurst, supra*. The Court was called upon to decide whether its prior decisions upholding Florida's capital punishment scheme in *Spaziano v. Florida*, 468 U.S. 447 (1984) and *Hildwin v. Florida*, 490 U.S. 638 (1989), survived its holding in *Ring v. Arizona*, 536 U.S. 584 (2002). The Florida Supreme Court had relied on *Spaziano* and *Hildwin*, but the United States Supreme Court expressly overruled those two decisions. 136 S. Ct. at 623. In *Ring* the Court had applied the *Apprendi* line of cases to conclude "that Arizona's capital sentencing scheme violated *Apprendi's* rule because the State allowed a judge to find facts necessary to sentence a defendant to death." *Hurst*, 136 S. Ct. at 621. In Arizona, "a judge could sentence Ring to death only after independently [of the jury] finding at least one aggravating circumstance." *Id.*, quoting *Ring*, 536 U.S. at 591. Had Ring's judge not engaged in the independent factfinding of an aggravating circumstance, the maximum sentence Ring could have received would have been a life sentence. *Hurst*, 136 S.Ct. at 620. Justice Sotomayor continued:

> The analysis the *Ring* Court applied to Arizona's sentencing scheme applies equally to Florida's. Like Arizona at the time of *Ring*, Florida does not require the jury to make the critical findings necessary to impose the death penalty. Rather, Florida requires a judge to find these facts. Fla. Stat. §921.141(3). Although Florida incorporates an advisory jury verdict that Arizona lacked, we have

> previously made clear that this distinction is immaterial: "It is true that in Florida the jury recommends a sentence, but it does not make specific factual findings with regard to the existence of mitigating or aggravating circumstances and its recommendation is not binding on the trial judge. A Florida trial court no more has the assistance of a jury's findings of fact with respect to sentencing issues than does a trial judge in Arizona." *Walton* v. *Arizona*, 497 U.S. 639, 648, 110 S. Ct. 3047, 111 L. Ed. 2d 511 (1990); accord, *State* v. *Steele*, 921 So. 2d 538, 546 (Fla. 2005) ("[T]he trial court alone must make detailed findings about the existence and weight of aggravating circumstances; it has no jury findings on which to rely").

*Id.* at 621-22.

The Warden reads *Hurst* narrowly as just overruling *Spaziano* and *Hildwin* and allowing a capital sentencing scheme where the jury merely finds the facts necessary to make a defendant death eligible, e.g., the existence of an aggravating circumstance (ECF No. 146, PageID 9878-80). In contrast, Petitioner asserts that *Hurst* holds "in a weighing scheme like Florida's or Ohio's, the death-eligibility findings addressed in *Ring* extend to the relative weight of aggravating and mitigating circumstances." (Reply, ECF No. 147, PageID 9887.)

This Court believes Petitioner's is the correct reading of *Hurst*. In essence the Court held that the relative weight of aggravating circumstances and mitigating factors is a question of fact akin to an element under the *Apprendi* line of cases, that is, a fact necessary to be found before a particular punishment can be imposed, e.g., a mandatory minimum sentence as in *Alleyne v. United States*. 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). Evidence for this reading is to be found in Justice Scalia's concurring vote, as he had been[1] the strongest upholder the *Apprendi* line of cases.

*Hurst*, however, does not invalidate Ohio's capital sentencing scheme because it is materially different from Florida's. At the time of Chinn's trial, Ohio law required that, before a

---

[1] Justice Scalia died February 13, 2016, a month after *Hurst* was handed down.

4

sentence of death could be imposed, the jury must find, beyond a reasonable doubt, that the aggravating circumstances outweighed the mitigating factors.  That is to say, every fact necessary for imposition of a death sentence, including the fact that the proved aggravating circumstances outweigh the mitigating factors had to be proved to the jury beyond a reasonable doubt.  The trial jury in this case was instructed "You shall recommend the sentence of death if you unanimously, that's all twelve, find by proof beyond a reasonable doubt that the aggravating circumstances outweigh the mitigating facts."  *Chinn*, 85 Ohio St. 3d at 555.  In Ohio, unlike Florida, the trial judge could not find an aggravating circumstance the jury had not already found beyond a reasonable doubt in the culpability phase of the capital trial.  It is true, of course, that the Ohio trial judge has to weigh the aggravating circumstances against the mitigating factors and that weighing is independent of the jury's weighing in the sense that the judge must do it himself or herself.  But that weighing is, so to speak, on top of the jury's weighing:  if the jury does not find the aggravating circumstances outweigh the mitigating factors, the judge cannot overrule that finding.

Nothing in the United States Constitution forbids a State from giving a defendant the extra protection from a capital sentence that Ohio provides.  The protection is parallel to that provided by a motion for judgment of acquittal:  a judge can acquit even if a jury has convicted if the judge determines the evidence is insufficient.  Likewise, in Ohio's death penalty scheme, a judge may conclude that the aggravating circumstances do not outweigh the mitigating factors in a capital case and may sentence a defendant to a life term despite the jury's recommendation of death.

*Hurst* does not mandate jury sentencing in capital cases, the position Justice Breyer believes the Eighth Amendment requires.  *Hurst, supra,* at 624 (Breyer, J., concurring in the

5

judgment). It requires only that the jury take the penultimate step: make the necessary factual finding that the aggravating circumstances outweigh the mitigating factors.

Chinn argues this case is controlled by *Hutton v. Mitchell*, 839 F.3d 486 (6th Cir. 2016)(ECF No. 147, PageID 9892). In that case the jury had been given no list of aggravating circumstances to consider so that the trial judge had to find the existence of an aggravating circumstance. As the court noted, the Ohio capital sentencing scheme requires jury findings consistent with *Hurst*:

> The Ohio statutory sentencing scheme for the death penalty requires more than a finding of guilt; it also requires the **jury** to make a finding of aggravating circumstances. **The jury must then conclude that the aggravating circumstances outweigh the mitigating circumstances to impose the death penalty**. O.R.C. § 2929.04(A).

*Hutton*, 839 F. 3d at 495 (emphasis supplied).

Because *Hurst* does not invalidate Ohio's capital sentencing scheme, the proposed amendment would be futile.

*Hurst* **Does Not Apply to Cases on Collateral Review**

Subject to two narrow exceptions, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a new rule. *Graham v. Collins*, 506 U.S. 461 (1993); *Stringer v. Black,* 503 U.S. 222 (1992); *Teague v. Lane*, 489 U.S. 288 (1989). "Two exceptions to the *Teague* rule, however, permit the retroactive application of a new rule whenever: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because

6

of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *In re Carl Green,* 144 F.3d 384, 386 (6th Cir. 1998), *citing Caspari v. Bohlen*, 510 U.S. 383, 396 (1994).

A Supreme Court decision announces a new rule where the issue addressed was susceptible to debate among reasonable minds. *Butler v. McKellar,* 494 U.S. 407, 412-15 (1990). A new rule is "a rule that ... was not *dictated* by precedent existing at the time the defendant's conviction became final." *Saffle v. Parks*, 494 U.S. 484, 488 (1990), *quoting Teague v. Lane*, 489 U.S. 288, 301 (1989)(emphasis in original). The rule in *Crawford v. Washington,* 541 U.S. 36 (2004), is a new rule, but does not fall within the "watershed" exception to *Teague*. *Whorton v. Bockting*, 549 U.S. 406 (2007). As of February 28, 2007, the date *Whorton* was decided, the only rule the Supreme Court has identified as qualifying under the "watershed" exception is that adopted in *Gideon v. Wainwright,* 372 U.S. 335 (1963).

Whether a Supreme Court decision applies retroactively should be decided by the district court in the first instance. *Wiegand v. United States,* 380 F.3d 890, 892 (6th Cir. 2004).

The rule announced in *Hurst* is plainly new within the meaning of *Teague*. It was not dictated by precedent. Indeed *Hildwin* and *Spaziano*, overruled by *Hurst*, were the relevant precedents. *Hurst* does not create a new substantive rule. Compare *Atkins v. Virginia,* 536 U.S. 304 (2002)(the intellectually disabled may not be executed), and *Johnson v. United States*, 135 S. Ct. 2551 (2015)(declaring unconstitutionally vague the "residual" clause of the Armed Career Criminal Act). Nor is it a watershed new rule of procedure. See *Beard v. Banks*, 542 U.S. 406, 415-16 (2004)(*Gideon v. Wainwright* might qualify under *Teague's* second exception, but *Batson v Kentucky,* for example, would not).

Petitioner argues he has good cause to amend in that the Florida and Delaware Supreme

Courts have held *Hurst* to be applicable retroactively (ECF No. 145, PageID 9867).  But both of those decisions were based on state law retroactivity doctrine.  Nothing in *Teague* prohibits state courts from giving retroactive effect, as a matter of state law, to new constitutional rules such as *Crawford v. Washington,* 541 U.S. 36, 53-54 (2004). *Danforth v. Minnesota*, 552 U.S. 264, 280 (2008).

Because *Hurst* does not apply to cases in which the conviction became final on direct appeal before January 2016, it has no application here and the requested amendment would therefore be futile.

**Undue Delay**

Chinn insists he has not "caused undue delay" because his "request to amend is brought within AEDPA's one year statute of limitations."  The Motion to Amend was filed January 11, 2017, on the eve of the anniversary of *Hurst*.  The fact that an amendment is filed within the statute of limitations does not per se prove it was filed without undue delay.  To suggest that seven such *Hurst* motions, all filed within hours of one another, were all filed without "undue delay" tests the credulity of the Court.  No finding on the undue delay factor is needed in light of the rulings on futility.  But the Court notes its belief that an evidentiary hearing with searching cross-examination on the coincidence that so many lawyers needed exactly 364 days to prepare a filing with many common features would not be barred by *Cullen v. Pinholster,* 563 U.S. 170 (2011).

**Conclusion**

Based on the foregoing analysis, the Motion to Amend is DENIED.

February 13, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge
