IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAVEL CHINN,

            Petitioner,    :    Case No. 3:02-cv-512

  - vs -                        Chief Judge Edmund A. Sargus, Jr.
                                            Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Institution,

                                          :

            Respondent.

## SUPPLEMENTAL MEMORANDUM OPINION

      This capital habeas corpus case is before the Court on Petitioner's Objections (ECF No. 153) to the Magistrate Judge's Decision and Order (ECF No. 148) denying Petitioner's Motion to Amend to add claims under *Hurst v. Florida*, 136 S.Ct. 616, 193 L. Ed.2d 504 (2016)(ECF No. 145). The Warden has filed a Response to the Objections (ECF No. 157) and Chief Judge Sargus has recommitted the matter for further analysis (Recommittal Order, ECF No. 154).

      The Magistrate Judge denied the Motion to Amend because *Hurst* does not invalidate Ohio's capital sentencing scheme (ECF No. 148, PageID 9899-9902) and in any event *Hurst* is not retroactively applicable to cases pending on collateral review. *Id.* at PageID 9902-04.

**Magistrate Judge Authority/Standard of Review**

      Petitioner begins his Objections by arguing that denying a motion to amend is a dispositive order beyond the decisional authority of a United States Magistrate Judge.

1

The Magistrate's Act at 28 U.S.C. § 636(b)(1)(A) precludes a magistrate judge from determining certain pretrial matters which are called "dispositive" because they are "dispositive of a claim or defense of a party." *See, Vogel v. U.S. Office Products Company,* 258 F.3d 509, 514 (6th Cir. 2001), *citing* Fed.R.Civ.P. 72. The Sixth Circuit has decided the list of dispositive motions in 28 U.S.C. § 636(b)(1)(A) is nonexhaustive and magistrate judges also lack authority to decide analogous matters including Rule 11 claims for damages, *Bennett v. General Caster Service of N. Gordon Co., Inc.*, 976 F.2d 995 (6th Cir. 1992)(*per curiam*); denial of *in forma pauperis* motions, *Woods v. Dahlberg,* 894 F.2d 187 (6th Cir. 1990)(*per curiam*); or a Rule 37 order striking pleadings with prejudice, *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1463 (10th Cir. 1988), cited approvingly in *Bennett;* or a remand order, *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001).

In determining whether a particular motion is dispositive, the Sixth Circuit has undertaken a functional analysis of the motion's potential effect on litigation. *Id*. at 514, *citing* Fed.R.Civ.P. 72. The list of dispositive motions contained in § 636(b)(1)(A) is nonexhaustive, and unlisted motions that are functionally equivalent to those listed in § 636(b)(1)(A) are also classified as dispositive. *Id.* (holding motions to remand are dispositive) and *citing, Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999)(holding that a motion for default judgment is dispositive because it is "substantially similar to several of the listed motions"); *Vitols v. Citizens Banking Co.,* 984 F.2d 168, 169-70 (6th Cir. 1993)(holding that a motion to certify a district court order for interlocutory appeal is dispositive); *Bennett, supra.*(holding that a motion for Rule 11 sanctions is dispositive); *United States Fid. & Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085 (6th Cir. 1992)(holding that because a motion to realign parties would either destroy or preserve diversity jurisdiction, motions to realign are dispositive); *Woods v. Dahlberg,* 894 F.2d 187 (6th

Cir.)(holding that an order denying a motion to proceed *in forma pauperis* is dispositive because it is the functional equivalent of an involuntary dismissal).

Petitioner urges this Court to conclude that a decision to deny a motion to amend is functionally equivalent to dismissing a case for failure to state a claim and is therefore actually dispositive (Objections, ECF No. 9, PageID 108). Not so. A denial of a motion to amend does not dismiss the case and is appealable to the assigned District Judge, as Petitioner has done here. Indeed, the District Judge to whom this case is assigned has himself held that motions to amend are non-dispositive. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio Mar. 23, 2016)(Sargus, C.J.) Petitioner points to no decided case law which has held that denials of motions to amend are dispositive.

Entirely apart from the question of Magistrate Judge authority to deny a motion to amend is the standard of review on that order. The Magistrate Judge agrees with Petitioner that the standard of review is de novo because the question whether a proposed amendment states a claim upon which relief can be granted is a pure question of law to which the "contrary to law" standard applies, regardless of whether the Magistrate Judge filing is dispositive or non-dispositive.

**Chinn's *Hurst* Claim is Specific to his Case and Not a General Objection to Ohio's Capital Sentencing Scheme**

Chinn objects that the Magistrate Judge has confused his claims under *Hurst* with the myriad other *Hurst* claims filed in capital habeas cases on or about January 11, 2017 (Objections, ECF No. 153, PageID 9923).

This objection is well taken. In this as in other capital habeas cases attempting to raise

3

*Hurst* claims, the Magistrate Judge found the proposed amendment would be futile because *Hurst* does not invalidate Ohio's capital sentencing scheme (Decision, ECF No. 148, PageID 9900). Chinn's *Hurst* claim is more particularized to his case. That claim is as follows:

> [E]ven if Ohio's sentencing scheme is entirely valid, Chinn would still be entitled to relief on his specific claim under *Hurst*. The Ohio Court of Appeals determined on direct review in Chinn's case that the trial court "tainted the weighing process" when it failed to merge the three aggravating circumstances into one, because all of the circumstances "arose from the same act or indivisible course of conduct." *State v. Chinn*, 1991 Ohio App. LEXIS 6497, *59-64, 1991 WL 289178 (Ohio Ct. App., Montgomery County Dec. 27, 1991). It found that that "the scales" were "impermissibly tipped…in favor of death." *Chinn*, 1991 LEXIS 6497, *63. But the remedy it fashioned was inadequate: it remanded the case to the trial judge for his independent weighing of the single (merged) aggravated circumstance against the mitigating factors presented in the original mitigation hearing. The Court of Appeals' remedy for the one violation created another—a Sixth Amendment violation.

(Objections, ECF No. 153, PageID 9924.)

As Petitioner further points out, the legal analysis in the Decision and Order supports the conclusion that reweighing the aggravating circumstances and mitigating factors to arrive at the conclusion that the former outweigh the latter, in a context where the jury has not been given a proper opportunity to reach that conclusion, violates the Constitution as interpreted by the Supreme Court in *Hurst*. The Decision concluded the holding in *Hurst* is that "the relative weight of aggravating circumstances and mitigating factors is a question of fact akin to an element under the *Apprendi* line of cases, that is, a fact necessary to be found before a particular punishment can be imposed." (ECF No. 148, PageID 9900.)

**H*urst* Does Not Apply to Cases on Collateral Review**

The Decision concluded that *Hurst* announced a new rule of constitutional law that was not applicable to cases on collateral review (ECF No. 148, PageID 9902-04, relying on *Teague v. Lane*, 489 U.S. 288 (1989).  Because Chinn's case is pending on collateral review, an amendment to add a *Hurst* claim would be futile.

Petitioner argues this is legal error because "the Ohio Supreme Court and the Sixth Circuit have granted relief based on *Hurst* despite the fact that the appellant concluded his 'direct review' before *Hurst* was released."  (Objections, ECF No. 153, PageID 9928.)

As proof of the Ohio Supreme Court's belief that *Hurst* is retroactively applicable, Petitioner cites *State v.Kirkland*, 145 Ohio St. 3d 1455 (2016).  The entire ruling of the Ohio Supreme Court in that case reads: "On application for reopening under S.Ct.Prac.R. 11.06. Application denied. On motion for order or relief. Motion granted. Cause remanded for new mitigation and sentencing hearing. Pfeifer, O'Donnell, and Kennedy, JJ., dissent and would deny the motion for order or relief."  There is no discussion of *Hurst* or *Teague*.  How does this Court know that the basis of the decision was *Hurst*?  Of what persuasive value on questions of federal constitutional law is a state court decision that does not discuss those questions?  Before a state court decision on a question of federal law can be persuasive, it must at least make an argument.

Petitioner also relies on *Hutton v. Mitchell*, 839 F.3d 486 (6th Cir. 2016).  In that habeas corpus case it appears the Sixth Circuit did apply *Hurst* to a case on collateral review, but without any discussion of the retroactivity question.  Indeed, *Teague, supra,* is not discussed or cited.

Our obligation as a court subordinate to the Supreme Court of the United States is to

follow the law given by that Court. If the Sixth Circuit had held in *Hutton* that *Hurst* was to be applied retroactively, this Court would be obliged to obey. "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982). But *Teague* retroactivity is a threshold question. *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997). This Court cannot ignore the *Teague* question even if the Sixth Circuit happens to have done so in *Hutton*.

**Undue Delay**

Chinn's *Hurst* claim was filed January 11, 2017, the day before the one-year AEDPA statute of limitations ran because *Hurst* was decided January 12, 2016. In denying Chinn's Motion, the Magistrate Judge did not make a finding of undue delay. Instead, the Decision observed that at least seven *Hurst* claims were filed on the same day and that to "suggest . . .[they] were all filed without 'undue delay; tests the credulity of the Court." (Decision, ECF No. 148, PageID 9904.)

In his Objections, Chinn offers all sorts of explanations about delay in filing. The Magistrate Judge does not doubt that if all the excuses in all the cases where *Hurst* claims were filed on January 11, 2017, were stacked end to end, they would all miraculously end up excusing exactly 364 days. Really?

In any event the Decision was not in any way based on a filing of undue delay and no such reading of the Decision is warranted.

**Conclusion**

Having considered the Objections, the Magistrate Judge concludes Petitioner is correct that the procedure followed in his case – remand for reweighing by a single judge – violates the Constitution as interpreted in *Hurst*.  However, because retroactive application of *Hurst* is barred under *Teague v. Lane, supra.*, the amendment would be futile.

March 31, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge