# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

DAVEL CHINN,

                Petitioner,            :     Case No. 3:02-cv-512

     - vs -                                Chief Judge Edmund A. Sargus, Jr.
                                                Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Institution,

                                         :

                Respondent.

# DECISION AND ORDER

      This capital habeas corpus case is before the Court on Petitioner's Renewed Motion for Leave to File an Amended Petition (Renewed Motion, ECF No. 155). The Warden opposes the Motion (Opposition, ECF No. 156) and Chinn has filed a Reply in Support (ECF No. 158).

      A motion to amend under Fed. R. Civ. P. 15 is non-dispositive and thus within a Magistrate Judge's decisional authority. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.).

## Procedural History

      On January 30, 1989, Petitioner Davel Chinn murdered Brian Jones after having kidnapped him outside an "adult" bookstore on South Ludlow Street in Dayton. Chinn was indicted March 3, 1989, and charged, *inter alia*, with aggravated murder with capital

specifications. He was found guilty on all counts by a petit jury and sentenced to be executed. On direct appeal, the Second District affirmed[1] the conviction but reversed the death sentence and remanded for resentencing *State v. Chinn*, 1991 Ohio App. LEXIS 6497 (2nd Dist. 1991). On December 4, 1994, Chinn was resentenced to be executed and again appealed to the Second District which again remanded for new sentencing proceedings. *State v. Chinn*, 1996 Ohio App. LEXIS 2530 (2nd Dist. 1996). On remand Chinn was sentenced to death for a third time and this time the Second District affirmed. *State v. Chinn*, 1997 Ohio App. LEXIS 3614 (2nd Dist. 1997). The Ohio Supreme Court affirmed. *State v. Chinn*, 85 Ohio St. 3d 548 (1999), *cert den.*, 528 U.S. 1120 (2000). After an evidentiary hearing, the court of appeals affirmed denial of Chinn's petition for post-conviction relief. *State v. Chinn*, 1998 Ohio App. LEXIS 3857 (2nd Dist. 1998), appellate jurisdiction declined, 93 Ohio St. 3d 1473 (2001).

Chinn filed his original Petition in this Court on November 4, 2002 (ECF No. 3). Among the twenty grounds for relief, there is no claim related to lethal injection. On October 14, 2011, the undersigned recommended the Petition be dismissed with prejudice (ECF No. 60); that Report as supplemented on recommittal (ECF No. 86) remains pending before Chief Judge Sargus.

On April 6, 2012, the Court granted Chinn leave to amend to add the following claims:

> **Twenty-First Ground for Relief:** Chinn's execution will violate the Eighth Amendment because Ohio's lethal injection protocol will result in cruel and unusual punishment.

> **Twenty-Second Ground for Relief:** Chinn's execution will violate the Fourteenth Amendment because Ohio's lethal injection protocol will deprive him of equal protection of the law.

(ECF No. 71, PageID 1105.) Amendment was granted over the Warden's statute of limitations

---

[1] For murder charges arising before January 1, 1995, direct appeal was first to the Ohio intermediate courts of appeals.

objection because the Warden "offers no analysis of why this claim did not arise when Petitioner asserts it did, to wit, when the lethal injection protocol being challenged was adopted by the State on September 18, 2011." *Id.* at 1106. The claims were found cognizable under *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011)(*Adams I*).[2]

On March 25, 2014, in the wake of the Dennis McGuire execution, the Court agreed to stay consideration of Chinn's lethal injection claims (ECF No. 96). Chinn's time to move to amend was extended to April 13, 2015 (ECF No. 110). After the Court denied an additional one year extension (ECF No. 113), Chinn filed a Second Amended Petition in April 13, 2015 (ECF No. 114) which included the following claims:

> **TWENTY-FIRST GROUND FOR RELIEF:** CHINN'S EXECUTION BY LETHAL INJECTION UNDER OHIO LAW WILL VIOLATE THE SUPREMACY CLAUSE.
>
> **TWENTY-SECOND GROUND FOR RELIEF:** CHINN'S EXECUTION BY LETHAL INJECTION UNDER OHIO LAW WILL VIOLATE THE EIGHTH AMENDMENT BECAUSE ANY DRUG DRC CAN PROCURE FOR USE IN LETHAL INJECTIONS HAS A SUBSTANTIAL, OBJECTIVELY INTOLERABLE RISK OF CAUSING UNNECESSARY, SEVERE PAIN, SUFFERING, DEGRADATION, HUMILIATION, AND/OR DISGRACE.
>
> **TWENTY-THIRD GROUND FOR RELIEF:** CHINN'S EXECUTION BY LETHAL INJECTION UNDER OHIO LAW WILL VIOLATE THE EIGHTH AMENDMENT BECAUSE IT CAUSES A LINGERING DEATH.
>
> **TWENTY-FOURTH GROUND FOR RELIEF:** CHINN'S EXECUTION BY LETHAL INJECTION UNDER OHIO LAW WILL VIOLATE THE EIGHTH AMENDMENT BECAUSE LACK OF LEGALLY AVAILABLE, EFFECTIVE DRUGS TO CONDUCT LETHAL-INJECTION EXECUTIONS WILL

---

[2] There are three published opinions of the Sixth Circuit in Stanley Adams' habeas corpus case: *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), referred to herein as *Adams I*, *Adams II*, and *Adams III*, respectively.

3

RESULT IN THE ARBITRARY AND CAPRICIOUS IMPOSITION OF THE DEATH PENALTY.

**TWENTY-FIFTH GROUND FOR RELIEF:** CHINN'S EXECUTION BY LETHAL INJECTION UNDER OHIO LAW WILL BE A HUMAN EXPERIMENT ON A NONCONSENTING PRISONER IN VIOLATION OF THE FOURTEENTH AMENDMENT.

**TWENTY-SIXTH GROUND FOR RELIEF:** CHINN'S EXECUTION BY LETHAL INJECTION UNDER OHIO LAW WILL VIOLATE THE EIGHTH AMENDMENT BECAUSE THE LACK OF LEGALLY OBTAINABLE, EFFECTIVE DRUGS TO CONDUCT LETHAL-INJECTION EXECUTIONS WILL CAUSE PSYCHOLOGICAL TORTURE, PAIN AND SUFFERING.

**TWENTY-SEVENTH GROUND FOR RELIEF:** CHINN'S EXECUTION BY LETHAL INJECTION UNDER OHIO LAW WILL VIOLATE THE EIGHTH AMENDMENT BECAUSE OF THE SUBSTANTIAL, OBJECTIVELY INTOLERABLE RISK OF SERIOUS HARM DUE TO DRC'S MALADMINISTRATION OF OHIO'S EXECUTION PROTOCOL.

**TWENTY-EIGHTH GROUND FOR RELIEF:** CHINN'S EXECUTION BY LETHAL INJECTION UNDER OHIO LAW WILL VIOLATE THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT.

**TWENTY-NINTH GROUND FOR RELIEF:** CHINN'S EXECUTION BY LETHAL INJECTION UNDER OHIO LAW WILL VIOLATE THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.

**THIRTIETH GROUND FOR RELIEF:** CHINN'S EXECUTION BY LETHAL INJECTION UNDER OHIO LAW WILL VIOLATE THE EIGHTH AMENDMENT BECAUSE OF HIS UNIQUE, INDIVIDUAL PHYSICAL AND/OR MENTAL CHARACTERISTICS.

*Id.* at PageID 1658, 1673, 1677, 1679, 1681, 1684, 1685, 1686, 1689, and 1691.

On August 3, 2015, Chinn sought leave to file a Third Amended and Supplemental Petition (ECF No. 120). Another such motion was filed November 9, 2015 (ECF No. 133) and

eventually denied without prejudice to renewal within thirty days of the mandate in the Stanley

Adams habeas corpus litigation (ECF No. 144). The instant Motion timely followed on March 8,

2017 (ECF No. 155).


**Proposed Grounds for Relief**


Chinn now requests permission to plead the following Grounds for Relief:

> **TWENTY-FOURTH GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Petitioner because the only manner available under the law to execute him violates his Eighth Amendment rights.

> **TWENTY-FIFTH GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Petitioner because the only manner available for execution violates the Due Process Clause or the Privileges or Immunities Clause of the Fourteenth Amendment.

> **TWENTY-SIXTH GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Petitioner because the only manner of execution available for execution under Ohio law violates the Equal Protection Clause of the Fourteenth Amendment.

> **TWENTY-SEVENTH GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Petitioner because Ohio's violations of federal law constitute a fundamental defect in the execution process, and the only manner of execution available for execution depends on state execution laws that are preempted by federal law.

(ECF No. 155-1, PageID 9946-47.)

Chinn's Renewed Motion does nothing to relate his proposed new Grounds for Relief to

his prior lethal injection claims. Are they intended to replace or supplement claims previously

pled? Counsel's choice to repeat numbers used in prior pleadings is confusing to the reader (at

least this reader).

Instead Chinn concentrates on showing that his proposed claims are cognizable in habeas under *Adams III* (Renewed Motion, ECF No. 155, PageID 9936-41). The Renewed Motion also deals with the timeliness question by asserting "[i]t is by now well-established that a change in Ohio's lethal injection protocol gives rise to new claims and thus warrants amendment of a habeas petition." *Id.* at PageID 9941, quoting this Court's Order at ECF No. 96, PageID 1493.

The Warden opposes the Renewed Motion on the grounds the claims are not cognizable in habeas and are time-barred under the AEDPA statute of limitations, 28 U.S.C. § 2244(d)(Opposition, ECF No. 156, PageID 10059-60).

Chinn replies that the Warden's cited authorities against cognizability are distinguishable (Reply, ECF No. 158, PageID 10068-72). As to timeliness, Chinn claims the Warden has not sufficiently asserted a statute of limitations defense and has therefore forfeited it. *Id.* at 10072-73. Assuming the defense is sufficiently raised, Chinn asserts that, if he "has shown practices or procedures from the relevant amended protocol—here, the October 7, 2016 execution protocol—that could not have been discovered previously, then claims brought within one year of those factual predicates are not time-barred."

# Analysis

Davel Chinn is a plaintiff in *In re:  Ohio Execution Protocol Litig*., Case No. 2:11-cv-1016. That case seeks to permanently enjoin Ohio from executing Chinn and most other Ohio death row inmates under the current lethal injection protocol, which was adopted October 7, 2016. That protocol has already been the subject of extensive litigation, resulting in an order preliminarily enjoining its intended use in the executions of Ronald Phillips, Raymond Tibbetts,

and Gary Otte. *In re: Ohio Execution Protocol Litig. (Phillips, Tibbetts, & Otte)*, 2017 U.S. Dist. LEXIS 11019 (S.D. Ohio Jan 26, 2017), aff'd., ___ F.3d ___, 2017 U.S. App. LEXIS 5946 (6th Cir. Apr. 6, 2017).

A civil rights action under 28 U.S.C. § 1983 offers the capital litigant many advantages over a habeas corpus action. Among other things, it is not subject to the second-or-successive limitation or the limits on discovery in habeas corpus. Because it is forward looking instead of focused on what happened in the state courts, it is not limited in the introduction of evidence imposed in habeas by § 2254(d) as interpreted in *Cullen v. Pinholster*, 563 U.S. 170 (2011). On the other hand, introduction of evidence discovered in a § 1983 lethal injection case appears to be admissible in a habeas corpus lethal injection case, per *Adams III*, where that conclusion is assumed without any discussion of *Pinholster*.

Even before the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") vastly increased the procedural restrictions on habeas corpus, the Supreme Court held a district court could not grant release from confinement in a § 1983 action; to do so would frustrate the habeas exhaustion requirements. *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (Notably, Justice Brennan, the major architect of expansion of habeas in the 1960's, dissented.) It was in *Nelson v. Campbell*, 541 U.S. 637 (2004), that the Supreme Court first held that a means or method of execution claim could be brought in a § 1983 case, over the objection of state officials who insisted that such a claim had to be brought in habeas corpus and would, in Nelson's case, have been subject to the second-or-successive requirement imposed by the AEDPA. The Court unanimously concluded that, because Nelson's challenge to the method of execution (a vein cut-down procedure) did not challenge his actual death sentence, it could be brought in a § 1983 action.

*Cooey v. Taft*, Case No. 2:04-cv-1156, a § 1983 action which is the direct predecessor of Case No. 2:11-cv-1016, was filed December 8, 2004, and references an earlier filing in Case No. 2:04-cv-532 on June 10, 2004, less than a month after *Nelson* was decided. As consolidated in 2:11-cv-1016, *Cooey* remains pending. The same organizations of attorneys who provide representation to plaintiffs in 2:11-cv-1016 – the Capital Habeas Units of the Offices of the Federal Public Defender for the Southern and Northern Districts of Ohio and the Ohio Public Defender's Office – also represent most of the capital habeas corpus petitioners in this Court. Thus the litigation context provides maximal opportunities for coordination of strategy. To this Court's eye, those opportunities are never missed; if there are internal disagreements among the capital petitioners' bar, they are not apparent to this Court.

Petitioners' bar has had an apparent strategy for some years to have parallel habeas and § 1983 actions pending simultaneously on behalf of the same inmate and raising substantively parallel claims. Implementation of this strategy has been supported by the series of decisions of the Sixth Circuit in Stanley Adams' habeas corpus case from the Northern District of Ohio, *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), referred to herein as *Adams I*, *Adams II*, and *Adams III*, respectively.

In *Adams I* the circuit court held, over Ohio's objection, that a challenge to the method of lethal injection could be brought in habeas corpus as well as in a § 1983 action. That is to say, availability of the § 1983 cause of action did not logically imply the absence of a § 2254 cause of action. Attempting to obey *Adams I*, this Court permitted amendments of habeas petitions to add lethal injection claims and indeed treated those claims as newly arising whenever Ohio's lethal injection protocol was amended. This reading informed the Magistrate Judge's allowance of the

Second Amended Petition as upheld by Judge Barrett, *supra*, at pages 2-3.

Then the Supreme Court appeared to call this Court's practice into question with its decision in *Glossip v. Gross*, 135 S.Ct. 2726 (2015):

> Petitioners contend that the requirement to identify an alternative method of execution contravenes our pre-*Baze* [*v. Rees*, 533 U.S. 35 (2008)] decision in *Hill v. McDonough*, 547 U. S. 573, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006), but they misread that decision. The portion of the opinion in *Hill* on which they rely concerned a question of civil procedure, not a substantive Eighth Amendment question. In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under §1983. *Id.,* at 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44. We held that **a method-of-execution claim must be brought under §1983** because such a claim does not attack the validity of the prisoner's conviction or death sentence. *Id*., at 579-580, 126 S. Ct. 2096, 165 L. Ed. 2d 44.

135 S.Ct. at 2738(emphasis added). Changing course, this Court concluded the "must be brought" language precluded what it had been doing under *Adams I*. Then, in *Adams II* as clarified by *Adams III*, the Sixth Circuit decided *Glossip* did not implicitly overrule *Adams I:*

> Adams challenged the constitutionality of lethal injection on direct appeal, asserting that "[d]eath by lethal injection constitutes cruel and unusual punishment and denies due process under the state and federal constitutions." The Ohio Supreme Court rejected this claim, explaining it had "previously rejected similar arguments." *Adams*, 817 N.E.2d at 56 (citing *State v. Carter*, 89 Ohio St. 3d 593, 2000 Ohio 172, 734 N.E.2d 345, 358 (Ohio 2000)). Adams again challenged the constitutionality of execution by lethal injection in his federal habeas corpus petition. The district court denied this claim, noting that "lethal injection is the law of the republic. No federal court has found the lethal injection protocol to be unconstitutional." *Adams*, 484 F. Supp. 2d at 796 (citation omitted).
>
> As an initial matter, we note our recent holding that lethal injection does not violate the Constitution. See *Scott v. Houk*, 760 F.3d 497, 512 (6th Cir. 2014) ("Simply put, lethal injection does not violate the Constitution per se . . . ."). In *Scott*, a similar challenge to the implementation of lethal injection was raised, as a panel of this

court observed that "Scott's petition alleges that lethal injection 'inflicts torturous, gratuitous and inhumane pain, suffering and anguish upon the person executed.'" *Id*. at 511. Accordingly, the Ohio Supreme Court's denial of Adams's challenge to the constitutionality of lethal injection as a means of execution did not constitute an unreasonable application of Supreme Court precedent.

The Supreme Court's decision in *Glossip* does not alter our precedent. *Glossip* concerned a 42 U.S.C. § 1983 action challenging Oklahoma's execution protocol. . . .

Lastly, notwithstanding the warden's observation that a method-of-execution challenge can only be brought in a § 1983 action under *Hill v. McDonough*, 547 U.S. 573 (2006), Adams can bring this claim in a § 2254 proceeding. As the warden submits, *Glossip* stated that *Hill* "held that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence." *Glossip*, 135 S. Ct. at 2738. As we observed in *Adams*, 644 F.3d at 483, however, Adams's case is distinguishable from *Hill* because Adams argues that lethal injection cannot be administered in a constitutional manner, and his claim "could render his death sentence effectively invalid." *Cf. Hill*, 547 U.S. at 580. Our decision in *Adams* is consistent with the Supreme Court's reasoning in *Nelson*, which suggested that, under a statutory regime similar to Ohio's, "a constitutional challenge seeking to permanently enjoin the use of lethal injection may amount to a challenge to the fact of the sentence itself." 541 U.S. at 644. Thus, to the extent that *Adams* challenges the constitutionality of lethal injection in general and not a particular lethal-injection protocol, his claim is cognizable in habeas. *Adams*, 644 F.3d at 483. However, as the Supreme Court observed in *Glossip*, a challenge to a particular procedure that concedes the possibility of an acceptable alternative procedure is properly brought in a § 1983 action. *Glossip*, 135 S. Ct. at 2738.

*Adams v. Bradshaw*, 826 F.3d 306, 318-21 (6th Cir. 2016), *cert den. sub nom. Adams v. Jenkins*, 137 S. Ct. 814, 196 L. Ed. 2d 602 (2017). By denying certiorari, the Supreme Court passed up a chance to clarify the meaning of *Glossip*. Denial of certiorari triggered issuance of the mandate which then set the deadline for the instant Renewed Motion.

As this Magistrate Judge understands it, the current state of the law in the Sixth Circuit

after *Adams III* is that habeas corpus will lie to challenge "the constitutionality of lethal injection in general" to wit, that "lethal injection cannot be administered in a constitutional manner, and [that] claim 'could render his death sentence effectively invalid.'" *Adams III*, *quoting Hill v. McDonough*, 547 U.S. at 580. Although the *Adams* court did not say so explicitly, it is obvious the same claim can also be made in a § 1983 action seeking permanent injunctive relief. Indeed Stanley Adams has done so and is a plaintiff in *In re: Ohio Execution Protocol Litig.*, Case No. 2:11-cv-1016. Of course as a § 1983 plaintiff, a death row inmate must plead a constitutional alternative method of execution. *Glossip*, *supra*.

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983);

*Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Research Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert denied*, 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "[d]elay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, *quoting Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989). These considerations apply as well in capital habeas corpus cases. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998), *quoting Brooks*.


**Proposed Grounds Twenty-Four through Twenty-Seven**


Proposed Grounds Twenty-Four through Twenty-Seven are general lethal injection invalidity claims. Ground Twenty-Four is an Eighth Amendment claim. Ground Twenty-Five is a Due Process and Privileges or Immunities claim. Ground Twenty-Six is an Equal Protection claim and Ground Twenty-Seven is a Supremacy Clause or pre-emption claim.

As proposed to be pleaded, these Grounds for Relief fit within the cognizability-in-habeas window recognized in *Adams III*. That is to say, they are not claims that lethal injection executions are per se unconstitutional; such a claim would be precluded by precedent. As this Court understands the Sixth Circuit's classification in *Adams I, II, and III*, a per se claim would read something like "It is unconstitutional for any American State to execute anyone by lethal injection." Instead, these claims are general in the sense that they assert "It is and will always be unconstitutional for the State of Ohio to execute Mr. Chinn by any lethal injection procedure and because Ohio authorizes executions only by lethal injection, his death sentence is invalid."

The Warden's objection that these claims are not cognizable in habeas corpus is not well taken. The Warden's statute of limitations objection is dealt with below.

**The Statute of Limitations**

AEDPA imposed a one-year statute of limitations on habeas corpus claims. 28 U.S.C. § 2244(d). The Warden raises a statute of limitations defense in very brief fashion:

> Second, to the extent the proposed amended claims are construed as a properly pled general challenge to lethal injection, the one[-]year statute of limitations under 28 U.S.C. §2244(d) has long ago expired, where the state court judgment Chinn attacks has been final for more than two decades. *Turner v. Hudson*, No. 2:07-cv-595, 2016 WL 212961, *8-10 (S.D. Ohio Jan. 19, 2016); *In re: Lawrence Landrum*, Case No. 16-3151, at pg. 2-3 (6th Cir. Feb. 13, 2017.

(Opposition, ECF No. 156, PageID 10059.) This one-paragraph defense has elicited an eleven-page reply (Reply, ECF No. 158, PageID 10067-77), the parts of which are considered separately.

**The Limitations Defense has not been Forfeited**

Chinn begins by asserting that the limitations defense, being non-jurisdictional, is subject to forfeiture and claims the Warden has not sufficiently asserted such a defense, thereby forfeiting it. *Id.* at PageID 10072-73. While the limitations defense in habeas can be forfeited, no case authority supports the proposition that failure to raise a limitations defense in objection to a motion to amend constitutes such a forfeiture. To put it another way, just because a defendant can raise any available Fed. R. Civ. P. 12(b) defense in opposing a motion to amend does not logically imply that the defendant has forfeited the defense by failing to raise it at that stage.

The statute of limitations is an affirmative defense which is forfeited if not pleaded as required by Fed. R. Civ. P. 8(c). A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after an answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). In *Wood v. Milyard*, 566 U.S. 463 (2012), the Supreme Court held that courts of appeals have authority to consider a forfeited timeliness defense *sua sponte.*

Petitioner's objection that Respondent has forfeited a limitations defense is OVERRULED.

**Newly Discovered Evidence versus Newly Arising Claims**

Next Chinn asserts the authority cited by Respondent is inapposite (Reply, ECF No. 158, PageID 10073).

In *In re: Lawrence Landrum*, Case No. 16-3151 (6th Cir. Feb. 13, 2017)(unreported Order; copy at ECF No. 274-1, PageID 3961), the Sixth Circuit held that Landrum's proposed lethal injection habeas claim required permission to proceed under 28 U.S.C. § 2244(b) which the circuit court refused to give. Landrum had argued "that he could not have raised his lethal-injection challenge until after the state adopted a revised protocol on September 18, 2011." *Id.* at 3. The circuit court rejected that argument, holding "Landrum has not identified practices or procedures from the September 2011 protocol that amount to a factual predicate that could not have been discovered previously. See 28 U.S.C. § 2244(b)(2)(B)."

Chinn asserts this statement implies that if a capital habeas petitioner does show

> practices or procedures from the relevant amended protocol—here, the October 7, 2016 execution protocol—that could not have been discovered previously, then claims brought within one year of those factual predicates are not time-barred. That is precisely what Chinn has done in his renewed motion and proposed grounds for relief.

(Reply, ECF No. 158, PageID 10073-74.) At ¶¶ 63-67 (ECF No. 155-1, PageID 9960-61) of his proposed amended claims, Chinn recites facts related to the October 7, 2016, protocol. At ¶¶ 78-85 (PageID 9963-65) Chinn makes allegations about the use of the drug midazolam as the first drug in the alternative in the current protocol which Ohio intended to use to execute Ronald Phillips, Raymond Tibbetts, and Gary Otte. Among those allegations are asserted problems with the use of midazolam to execute Dennis McGuire. *Id.* at ¶¶ 86-87; Clayton Lockett,¶¶ 88-89; and Joseph Wood ¶¶ 90-91. Dennis McGuire was executed January 16, 2014; Clayton Lockett

was executed April 29, 2014; and Joseph Wood was executed July 23, 2014. None of these dates are mentioned in either the Renewed Motion or the proposed amendments. The relevant facts about use of midazolam in these executions were not newly discovered within one year before March 8, 2017. They have been thoroughly vetted in the § 1983 Protocol Litigation case.[3] But that is not enough for Petitioner's counsel who want these facts to count as newly discovered factual predicates for his habeas lethal injection claims, thus extending the start date for the statute of limitations under 28 U.S.C. § 2244(d)(1)(D). But wait. All of these facts had been discovered not later than July 23, 2014.[4] How can they be newly arising factual predicates for habeas lethal injection claims made in March 2017?

Part of the difficulty with Chinn's position is that it seems to stem from the drive of his counsel to completely conflate habeas corpus and § 1983 procedure. But *Adams* and *Landrum* do not do that. While those cases do support counsels' strategy to have substantively parallel habeas and § 1983 claims pending at the same time and to use evidence obtained in the § 1983 case in support of the habeas claims,[5] the Sixth Circuit has not elided the procedural differences between these two types of cases.

If Chinn's cognizable-in-habeas general lethal injection claims did not arise when his attorneys discovered the facts about midazolam sometime between January 2014 and March 8, 2017, when did they arise? Chinn filed his original Petition in this case in 2002 after lethal injection had become an approved method of execution in Ohio. In 2001 it became the exclusive method. It was still the exclusive method in 2004 when the Supreme Court decided in *Nelson v. Campbell* that method of execution claims could be brought in a § 1983 case. Although Chinn

---

[3] Or at least thoroughly enough for a preliminary injunction hearing.
[4] All three of these executions were widely covered in the press and thus would have come to counsels' attention quickly. McGuire was represented by Raglin's counsel.
[5] *Adams III* expressly says this may be done without discussing any possible impact of *Pinholster*.

never became a plaintiff in *Cooey v. Taft*, 2:04-cv-1156, counsel who represent him here were counsel to other death row inmates in that case. He is a plaintiff in *In re: Ohio Execution Protocol Litig.*, and has been since November 14, 2011. The original Complaint in that case included claims of Eighth and Fourteenth Amendment violations (First Claim), due process violations (Second Claim), and equal protection violations (Fourth Claim). If those constitutional violations had arisen for § 1983 purposes by the time that Complaint was filed, why hadn't they also arisen for habeas corpus purposes?

Of course, the Complaint in 2:11-cv-1016 has been amended many times since 2011. It is perfectly appropriate for forward-looking civil rights litigation to be amended as the conduct sought to be enjoined changes.

In light of *Adams III*, it would apparently be appropriate for Chinn to rely on new evidence gathered in the § 1983 litigation to prove his habeas corpus claim that Ohio can never constitutionally execute him by lethal injection. But gathering new evidence in support of a habeas claim is different from concluding that a new habeas claim "arises" for limitations purposes every time new evidence is discovered, even assuming due diligence in finding the new evidence.

Chinn asserts repeatedly that Ohio's adoption of a new lethal injection protocol starts the statute of limitations running anew (Reply, ECF No. 158). He asserts he "could not have raised these specific lethal-injection invalidity claims" until the new protocol was adopted on October 7, 2016. *Id.* Yet he never explains how this focus on a newly arising claim related to a specific protocol is somehow consistent with his claims' being general Ohio-can-never-constitutionally-execute-me-by-lethal-injection claims. The Court has readily accepted the proposition that a new protocol can generate a new § 1983 claim, but such claims are specific to the particular

protocol. No matter how many times Chinn's counsel repeat the mantra, new facts are not the same as new habeas claims.

**Equitable Tolling**

Whether it fits comfortably within the equitable tolling doctrine or not, Chinn presents a strong case that the Court should give some equitable consideration to the confused state of the law during the time he has had cases pending in federal court. Until *Adams I* in 2011, it was reasonable for counsel to understand that method of execution claims had to be brought in § 1983 proceedings. Following *Adams I*, this Court accepted the extension of the logic of that case and of *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007), that not only did new § 1983 claims arise whenever the protocol was amended, but so did habeas claims on the same substantive basis. On that basis, counsel could reasonably have concluded they had a year from adoption of a new protocol to amend a client's habeas petition to add claims "newly arising" under that new protocol. Although this Court has now concluded on the basis of *Adams III* and *Landrum* that the cognizability, second-or-successive, and limitations questions must be kept separate, capital habeas petitioners should not be penalized for following the Court's lead during that period between *Adams I* and *Adams III*. And the Court must take full responsibility for the delay between the *Adams III* decision and issuance of the mandate in that case, although it was urged to that position by Petitioner's counsel. The State of Ohio has not claimed any prejudice would result from this approach since it will have to litigate the lethal injection invalidity question in the § 1983 case in any event.

**Conclusion**

To the extent set forth above, Chinn's Renewed Motion is GRANTED. Not later than April 24, 2017, Chinn may file a Supplemental Petition including the four proposed Grounds for Relief at Exhibit 1 to the Renewed Motion (ECF No. 155-1). However, the supplemental Grounds for Relief shall be numbered Thirty-One, Thirty-Two, Thirty-Three, and Thirty-Four. Petitioner shall also state in the Supplemental Petition whether any of his previous lethal injection invalidity Grounds for Relief should now be dismissed as moot.

April 11, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge