# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVEL CHINN,

              Petitioner,      :      Case No. 3:02-cv-512

      - vs -                            Chief Judge Edmund A. Sargus, Jr.
                                            Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,
                                        :
            Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on recommittal by Chief Judge Sargus (ECF No. 166). The Recommittal Order encompasses Magistrate Judge decisions on proposed amendments to the Petition to add claims under *Hurst v. Florida*, 577 U.S. ___, 136 S.Ct. 616 (2016), and under *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016).[1]

**Proposed *Hurst* Claims**

The Magistrate Judge has denied Petitioner's Motion to Amend to add claims under

---

[1] There are three published opinions of the Sixth Circuit in Stanley Adams' habeas corpus case: *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), referred to herein as *Adams I, Adams II,* and *Adams III* respectively.

1

*Hurst* (Order, ECF No. 148) and adhered to that conclusion[2] on a previous recommittal (ECF No. 159).

Chinn objects that it is unreasonable to deny as futile an amendment to add a *Hurst* claim on *Teague v. Lane* grounds when the United States Supreme Court has not yet ruled that *Hurst* is not retroactive (Objections, ECF No. 164, PageID 10110). However, the *Hurst* retroactivity question is not reserved to the Supreme Court. Like other Supreme Court case law, it must be applied by the lower courts as best they can until the Supreme Court says something definitive.

Chinn relies on an unpublished decision allowing an amendment to add a claim under *Hall v. Florida*, 134 S.Ct. 1986 (2014), *Sample v. Carpenter,* 2014 U.S. Dist. LEXIS 180618 (W.D. Tenn. Oct. 20, 2014). Judge Lipman concluded that the Sixth Circuit's decision in *Van Tran v. Colson,* 764 F.3d 594 (6th Cir. 2014), made it at least arguable that *Hall* applied retroactively. It appears the logic of that conclusion is that *Hall* recognized a substantive constitutional right which would be retroactively applicable on collateral reviews just as its progenitor, *Atkins v. Virginia,* 536 U.S. 304 (2002), is. *Hurst* is not a new substantive right, but rather speaks to the procedure in capital cases, requiring application of the other branch of *Teague v. Lane*. And Judge Lipman's decision does support this Court's conclusion that the retroactivity decision is to be made in the first instance in the District Court.

Chinn also objects that it is unreasonable to deny an amendment to add a *Hurst* claim when the state courts might reach a different conclusion on retroactivity. Prior opinions already deal with findings of retroactivity in Delaware and Florida on the basis of their state laws of retroactivity. The state law of retroactivity has no bearing on a *Teague v. Lane* question which is purely a question of federal law. Petitioner continues to rely on the decision without opinion in

---

[2] With a modification to recognize that Chinn's *Hurst* claim is distinct from a number of others filed in this Court at the same time.

2

*State v. Kirkland*, 145 Ohio St. 1455 (2016). In response the Warden cites numerous cases in which *Hurst* has been argued to the Ohio Supreme Court and rejected (Response, ECF No. 167, PageID 10133.)

Petitioner's arguments on the *Hurst* claim remain unpersuasive.

**Proposed Lethal Injection Invalidity Claims**

Chinn moved to amend to add lethal injection invalidity claims under *Adams III* (Renewed Motion, ECF No. 155). The Warden opposed the Motion on the basis that the proposed claims were not cognizable in habeas corpus and were time barred (ECF No. 156). The Magistrate Judge found the claims were cognizable under *Adams III* (Decision and Order, ECF No. 160, PageID 10097).

On the statute of limitations question, the Warden's argument was one paragraph long (ECF No. 156, PageID 10059) and the Petitioner offered an eleven-page reply (ECF No. 158, PageID 10067-77). The Magistrate Judge analyzed Petitioner's position as consistent with the long-term strategy of capital litigants in this Court to have simultaneously pending habeas and civil rights cases raising substantively parallel claims and, to that end, to attempt to collapse the procedural differences between habeas and civil rights litigation. While the Magistrate Judge rejected that analysis, the Decision concluded that equitable consideration should be given to the confused state of the law under the *Adams* decisions:

> Although this Court has now concluded on the basis of *Adams III* and *Landrum* that the cognizability, second-or-successive, and limitations questions must be kept separate, capital habeas petitioners should not be penalized for following the Court's lead during that period between *Adams I* and *Adams III*. And the Court must take full responsibility for the delay between the *Adams III*

3

> decision and issuance of the mandate in that case, although it was urged to that position by Petitioner's counsel. The State of Ohio has not claimed any prejudice would result from this approach since it will have to litigate the lethal injection invalidity question in the § 1983 case in any event.

(Decision, ECF No. 160, PageID 10103).

**Cognizability**

The Warden first objects that the Magistrate Judge has erred as a matter of law in finding Chinn's proposed new lethal injection invalidity grounds are cognizable in habeas corpus. Having recited the history of the *Adams v. Bradshaw* litigation, including the intervening Supreme Court decision in *Glossip v. Gross*, 135 S.Ct. 2726 (2015), the Magistrate Judge concluded that

> [T]he current state of the law in the Sixth Circuit after *Adams III* is that habeas corpus will lie to challenge "the constitutionality of lethal injection in general" to wit, that "lethal injection cannot be administered [to a particular death row inmate] in a constitutional manner, and [that] claim could render his death sentence effectively invalid.'" *Adams III*, *quoting Hill v. McDonough*, 547 U.S. at 580.'

(Decision, ECF No. 160, PageID 10094-95).

In place of that reading, the Warden argues the "operative passage" in *Adams III* is a single sentence: "Thus, to the extent that Adams challenges the constitutionality of lethal injection in general, and not a particular lethal-injection protocol, his claim is cognizable in habeas." (Objections, ECF No. 165, PageID 10120, quoting *Adams III*, at 321.) The Warden summarizes:

> This single sentence formulation by the *Adams III* Court of what is an appropriate pleading in habeas is simple, basic, and not complicated. It means what it says, and no more. This passage in *Adams III* is fairly read to say "challenges … [to] a particular lethal

4

> injection protocol" are not cognizable in habeas. This rule is easy to read and easy to understand.

*Id.* at PageID 10121. The Magistrate Judge agrees with the Warden that habeas corpus will not lie to challenge "a particular lethal injection protocol." But that is not what Chinn seeks to do. Rather, he attempts to assert a general enough claim: all lethal injection protocols that Ohio has or may have would, if used on me, deprive me of my constitutional rights. That is, he does not propose to challenge only a particular protocol, but any possible protocol, including the ones already adopted.

*Adams III* leaves open many questions about the relation of § 1983 and habeas capital litigation. For example, while the *Adams III* court contemplated that evidence gathered in a § 1983 case could be used in the parallel habeas case, it did not discuss how that squares with *Cullen v. Pinholster,* 563 U.S. 170 (2011). As the undersigned has held elsewhere, it did not elide all the procedural distinctions between habeas and civil rights litigation. But it did authorize a "general enough" challenge in habeas, and that is what Chinn has made.

**Statute of Limitations**

The Decision rejected Chinn's argument that the AEDPA one-year statute of limitations begins to run anew every time Ohio amends its lethal injection protocol or indeed every time the new evidence against lethal injection reaches "a tipping point" or becomes "massive" enough. That argument is now being advanced by most of the capital habeas petitioners on this Court's docket. The argument was rejected because, again, it collapses the procedural distinctions between habeas corpus and civil rights litigation and would render the statute of limitations meaningless for lethal injection claims.

Despite rejecting this argument, the Magistrate Judge conceded it had allowed that interpretation under *Adams I* and concluded the statute should be equitably tolled to allow the pending amendments (Decision, ECF No. 160, PageID 10102).

The Warden asserts this was error as a matter of law because "[t]he purpose of equitable tolling is to excuse a petitioner from *inaction*, . . ." (Objections, ECF No. 165, PageID 10123, (emphasis in original)). The Warden relies on *Holland v. Florida*, 560 U.S. 631 (2010), the case in which the Supreme Court explicitly recognized equitable tolling could excuse a failure to file within § 2244(d)'s one year. The Warden asserts a habeas petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (Objections, ECF No. 165, PageID 10125, quoting *Holland*, 560 U.S. at 649, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Contrary to the Warden's reading, *Holland* does not speak to excusing only inaction. Rather, it requires a petitioner to prove he has been pursuing his rights diligently, and the Objections themselves recite all that Chinn has done in pursuing his lethal injection invalidity claims. The Warden also cites law to the effect that relying on bad advice from an attorney is not an excusing extraordinary circumstance outside a party's control, but here it is the confused state of the law (or at least of the Magistrate Judge's mind about the law) that is the relevant extraordinary circumstance cited in the Decision.

In recognizing the application of equitable tolling to habeas cases, the *Holland* court spoke generally to the uses of equity jurisprudence:

> We have said that courts of equity "must be governed by rules and precedents no less than the courts of law." *Lonchar v. Thomas*, 517 U.S. 314, 323 (1996) (internal quotation marks omitted). But we have also made clear that often the "exercise of a court's equity

> powers . . . must be made on a case-by-case basis." *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964). In emphasizing the need for "flexibility," for avoiding "mechanical rules," *Holmberg v. Armbrecht,* 327 U.S. 392, 396 (1946), we have followed a tradition in which courts of equity have sought to "relieve hardships which, from time to time, arise from a hard and fast adherence" to more absolute legal rules, which, if strictly applied, threaten the "evils of archaic rigidity," *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 248 (1944). The "flexibility" inherent in "equitable procedure" enables courts "to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct . . . particular injustices." Ibid. (permitting postdeadline filing of bill of review).

*Holland,* 560 U.S. 631, 649-50 (2010)(parallel citations omitted).

The Decision concluded there would be no prejudice to the Warden by allowing the filing because the State would be obliged to litigate the same claims in the pending lethal injection protocol case (Case No. 2:11-cv-1016). The Warden objects that "being compelled to engage in pointless litigation should be viewed as 'prejudice,'" (Objections, ECF No. 165, PageID 10126) but cites no authority for that proposition. The point of the Decision is to draw a "line in the sand/line on the docket" rejecting Chinn's and other capital litigants' argument about newly arising claims/evidence, but taking responsibility for the confusion to date. The Magistrate Judge regrets that that logic was either not evident to the Warden's counsel or did not sufficiently commend itself. In any event, the amendment will not delay Chinn's execution which is not now scheduled at least through March 2021.

**Conclusion**

Having reconsidered both Petitioner's proposed *Hurst* claims and the Warden's Objections to Petitioner's *Adams III* claims, the Magistrate Judge remains persuaded of his

original positions: the *Hurst* claims should not be allowed, but the *Adams III* claims should.

May 22, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).