# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVEL CHINN,

                Petitioner,        :        Case No. 3:02-cv-512

  - vs -                                     Chief Judge Edmund A. Sargus, Jr.
                                                  Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Institution,
                                           :
                Respondent.

# DECISION AND ORDER

In this capital habeas corpus case, the Magistrate Judge granted Petitioner leave to amend his Petition to add four lethal injection invalidity claims for relief, Grounds Twenty-Four, Twenty-Five, Twenty-Six, and Twenty-Seven (ECF No. 160). The Warden objected (ECF No. 165), Chief Judge Sargus recommitted the matter (ECF No. 166), and the Magistrate Judge filed a Second Supplemental Report and Recommendations, recommending that the Warden's Objections be overruled (ECF No. 169). The same Report also recommends that Petitioner not be allowed add claims under *Hurst v. Florida*, 577 U.S. ___, 136 S.Ct. 616 (2016). Multiple Objections and Responses were filed (ECF Nos. 170, 172, 173, 174).

The Chief Judge had not yet reached these objections for decision when the Sixth Circuit decided *In re Campbell,* ___ F.3d ___, 2017 U.S. App. LEXIS 21094 (6th Cir. Oct. 25, 2017). On the basis of that decision, the Magistrate Judge vacated prior filings and ordered Petitioner

1

to show cause . . why, in light of *Campbell*, the Court should not deny leave to add lethal injection invalidity claims to this habeas corpus case, particularly in light of the pendency of *In re Ohio Execution Protocol Litig.*, Case No. 2:11-cv-1016, in which Mr. Chinn is a Plaintiff.

(Entry, ECF No. 182, PageID 10241.) Petitioner has timely responded (Response, ECF No. 183), and the Warden has replied to the Response (ECF No. 185)

Chinn first argues that his lethal injection invalidity claims remain cognizable under *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016).[1] Chinn relies on *Davis v. Warden*, No. 2:10-cv-107, 2017 U.S. Dist. LEXIS 16152 (S.D. Ohio Oct. 2, 2017). *Davis* follows the logic adopted by the undersigned in a number of cases[2] that *Adams III* recognizes a category of lethal injection invalidity claims which are still cognizable in habeas corpus despite *Glossip v. Gross,* 135 S.Ct. 2726 (2015), and *In re: Tibbetts*, 869 F.3d 403 (6th Cir. 2017). But *Davis* was decided October 2, 2017, before *Campbell* was handed down.

Chinn next argues *Campbell*'s statements related to cognizability "are entitled to little, if any, precedential weight [because] [a] dismissal under § 2244(b) is not a decision on the merits of the underlying claims." (ECF No. 183, PageID 10244). This argument runs against the obvious intent of the Sixth Circuit in *Campbell* to clarify the cognizability question:

> Campbell maintains that his current claims are properly raised in a habeas proceeding. Because the law on this subject is not clear and has been the subject of several recent, published decisions by this Circuit and the Supreme Court, we pause at the outset to clarify the standard.

*In re Campbell,* 2017 U.S. App. LEXIS 21094, *5. And as the *Campbell* court also notes, the

---

[1] There are three published opinions of the Sixth Circuit in Stanley Adams' habeas corpus case: *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), *cert. den. sub. nom. Adams v. Jenkins*, 137 S. Ct. 814, 106 L. Ed. 2d 602 (2017), referred to herein as *Adams I, Adams II*, and *Adams III* respectively.
[2] Including in the Second Supplemental Report and Recommendations (ECF No. 169) in this case.

2

language this Court had been relying on from *Adams III* was itself dictum because the *Adams* court held against the petitioner on the merits.

Davel Chinn is a plaintiff in *In re: Ohio Execution Protocol Litig.*, Case No. 2:11-cv-1016 (the "Protocol Case"). That case seeks to permanently enjoin Ohio from executing him and most other Ohio death row inmates under its current lethal injection protocol, which was adopted October 7, 2016. That protocol has already been the subject of extensive litigation, *e.g.*, *In re: Ohio Execution Protocol Litig. (Phillips, Tibbetts, & Otte)*, 2017 U.S. Dist. LEXIS 11019 (S.D. Ohio Jan 26, 2017), rev'd, 860 F.3d 881 (6th Cir. June 28, 2017)(*en banc*); *cert den. sub nom. Otte v. Morgan*, ___ U.S. ___, 2017 WL 3160287 (July 25, 2017); *In re: Ohio Execution Protocol Litig. (Otte),* 2017 U.S. Dist. LEXIS 145432 (S.D. Ohio Sept. 8, 2017); *In re: Ohio Execution Protocol Litig. (Campbell & Tibbetts),* 2017 U.S. Dist. LEXIS 182406 (S.D. Ohio Nov. 3, 2017).

A civil rights action under 28 U.S.C. § 1983 offers the capital litigant many advantages over a habeas corpus action. Among other things, it is not subject to the second-or-successive limitation or the limits on discovery in habeas corpus. Because it is forward looking instead of focused on what happened in the state courts, it is not limited in the introduction of evidence imposed in habeas by § 2254(d) as interpreted in *Cullen v. Pinholster*, 563 U.S. 170 (2011).

Even before the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") vastly increased the procedural restrictions on habeas corpus, the Supreme Court held a district court could not grant release from confinement in a § 1983 action; to do so would frustrate the habeas exhaustion requirements. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). It was in *Nelson v. Campbell*, 541 U.S. 637 (2004), that the Supreme Court first held that a means or method of execution claim could be brought in a § 1983 case, over the objection of state officials who

insisted that such a claim had to be brought in habeas corpus and which would, in Nelson's case, have been subject to the second-or-successive requirement imposed by the AEDPA. The Court unanimously concluded that, because Nelson's challenge to the method of execution (a vein cut-down procedure) did not challenge his actual death sentence, it could be brought in a § 1983 action.

*Cooey v. Taft*, Case No. 2:04-cv-1156, a § 1983 action which is the direct predecessor of the Protocol Case, was filed December 8, 2004, and references an earlier filing in Case No. 2:04-cv-532 on June 10, 2004, less than a month after *Nelson* was decided. As consolidated in the Protocol Case, *Cooey* remains pending. The same organizations of attorneys who provide representation to plaintiffs in the Protocol Case – the Capital Habeas Units of the Offices of the Federal Public Defender for the Southern and Northern Districts of Ohio and the Ohio Public Defender's Office – also represent most of the capital habeas corpus petitioners in this Court. Thus the litigation context provides maximal opportunities for coordination of strategy. To this Court's eye, those opportunities are never squandered.

Petitioners' bar has had an apparent strategy for some years to have parallel habeas and § 1983 actions pending simultaneously on behalf of the same inmate and raising substantively parallel claims. Implementation of this strategy has been supported by the series of decisions of the Sixth Circuit in Stanley Adams' habeas corpus case from the Northern District of Ohio. (see footnote 1, supra.)

In *Adams I* the circuit court held, over Ohio's objection, that a challenge to the method of lethal injection could be brought in habeas corpus as well as in a § 1983 action. That is to say, availability of the § 1983 cause of action did not logically imply the absence of a § 2254 cause of action. Attempting to obey *Adams I*, this Court permitted amendments of capital habeas

4

petitions to add lethal injection claims and indeed treated those claims as newly arising whenever Ohio's lethal injection protocol was amended.

Then the Supreme Court appeared to call this Court's practice into question with its decision in *Glossip v. Gross*, 135 S.Ct. 2726 (2015):

> Petitioners contend that the requirement to identify an alternative method of execution contravenes our pre-*Baze* [*v. Rees*, 533 U.S. 35 (2008)] decision in *Hill v. McDonough*, 547 U. S. 573, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006), but they misread that decision. The portion of the opinion in *Hill* on which they rely concerned a question of civil procedure, not a substantive Eighth Amendment question. In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under §1983. *Id.,* at 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44. We held that **a method-of-execution claim must be brought under §1983** because such a claim does not attack the validity of the prisoner's conviction or death sentence. *Id.*, at 579-580, 126 S. Ct. 2096, 165 L. Ed. 2d 44.

135 S.Ct. at 2738 (emphasis added). Changing course, this Court concluded the "must be brought" language in *Glossip* precluded what it had been doing under *Adams I*. Then, in *Adams II* as clarified by *Adams III*, the Sixth Circuit decided *Glossip* did not implicitly overrule *Adams I*. *Adams v. Bradshaw*, 826 F.3d 306, 318-21 (6th Cir. 2016), *cert den. sub nom. Adams v. Jenkins*, 137 S.Ct. 814, 196 L. Ed. 2d 602 (2017). This Court changed course again and recognized lethal injection invalidity claims as cognizable in habeas.

*Campbell* changes the analysis. *Campbell,* like *Tibbetts*, was also before the Sixth Circuit on a second-or-successive transfer from this Court. Interpreting *Glossip*, the circuit court held that

> *Glossip* therefore closed the hypothetical door left open by *Nelson, Hill*, and *Adams II*. No longer can a method-of-execution claim impair a death sentence itself. And since a method-of-execution claim can no longer "attack the validity of the prisoner's conviction or death sentence," a habeas court cannot act upon it. *Id.* at 2738.

5

> Thus, the *Glossip* Court necessarily barred all habeas petitions challenging "a particular application of a particular protocol to a particular person" as unconstitutionally painful. *In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017). These challenges are properly remedied by an injunction prohibiting the state from *taking certain actions*, rather than a writ of habeas corpus that vacates the sentence entirely.

*Campbell* at *11-12 (emphasis in original). The *Campbell* court noted the language in *Adams III* on which capital petitioners and this Court have relied to justify pleading lethal-injection-invalidity claims in habeas and declared that language to be non-binding dictum. *Id.* at *15. It concluded further:

> [T]o the extent that *Adams III* purported to permit *Baze*-style habeas claims that refuse to concede the possibility of an acceptable means of execution, it is not controlling. Since *Glossip*'s holding directly addressed that question, it *is* binding on us, and we follow it today. In doing so, we do not intend to diminish the importance or correctness of the holding in *Adams II* that § 1983 and habeas are not mutually exclusive *as a per se rule*. All *Baze* and *Glossip* require is that— in the peculiar context of method-of-execution claims—the death-row inmate must proceed under § 1983.

*Campbell, supra*, at *15.

In allowing Grounds Twenty-Four, Twenty-Five, Twenty-Six, and Twenty-Seven to be added to the Petition, this Court was attempting to follow *Adams III* faithfully. Because *Adams III* was written to clarify *Adams II* at the request of one of the parties, this Court assumes the added language in *Adams III* was carefully chosen. Moore's Federal Practice notes, however, that "it is not always clear what the holding is in a particular case" because "[h]oldings may be given broad or narrow interpretations." 18 James Wm. Moore et al., Moore's Federal Practice §134.03[2] (3d ed. 1999). Even language that is dictum may be carefully chosen. In any event, if the relevant language in *Adams III* does not bind or no longer binds subsequent Sixth Circuit

6

panels, it does not bind this Court. *Campbell* does, particularly because it interprets the language the Supreme Court used in *Glossip*: "a method-of-execution claim must be brought under §1983."

Chinn concludes this portion of his argument by stating, "This Court should conclude that rulings of this nature [i.e., on the second-or-successive question under 28 U.S.C. § 2244(b)] have limited precedential value with respect to the merits of the petitioner's underlying claims." (ECF No. 183, PageID 10245). This argument parallels arguments the petitioners' bar has made on the second-or-successive question in this Court which suggest we find second-in-time petitions are not second-or-successive and retain jurisdiction, deciding the claims on the merits. As the undersigned has pointed out before, this approach creates a significant risk that the Court will waste large amounts of time deciding issues over which the Sixth Circuit may eventually decide it had no jurisdiction. The cost of that risk is borne entirely by the Court (in wasted time) and the State (in delay) and not by petitioners, on whom delay imposes no cost at all. When a published decision of the Sixth Circuit speaks directly to an issue which has bedeviled the district courts since *Adams I*, it should be read as having the precedential effect its authors apparently intended. It is usually a vain hope for the district courts to wait for *en banc* or certiorari clarification.[3]

The Magistrate Judge has already applied this understanding of *Campbell* in *Bays v. Warden*, No. 3:08-cv-076, 2017 U.S. Dist. LEXIS 183511 (S.D. Ohio Nov. 6, 2017).

Chinn's last argument is that *Campbell* does not apply to his Twenty-Seventh Ground for Relief which reads:

> **TWENTY-SEVENTH GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Petitioner because Ohio's violations of federal law constitute a fundamental defect in the execution process, and the only manner of execution available for

---

[3] This Court waited many months in many cases for a clarification of *Glossip* on certiorari in *Adams III*. It never came. See *Adams v. Jenkins*, 2017 U.S. LEXIS 766 (U.S., Jan. 17, 2017), denying certiorari in *Adams III*.

7

> execution depends on state execution laws that are preempted by federal law.
>
> A. DRC's actions in obtaining execution drugs, its import, purchase, possession, dispensing, distribution and/or administration (and any other terms of art under the CSA) of those drugs violate the CSA.
>
> B. DRC's actions in obtaining execution drugs, its import, purchase, possession, dispensing, distribution and/or administration (and any other terms of art under the FDCA) of those drugs contravene the FDCA because those drugs used in an execution are unapproved drugs and/or misbranded drugs and/or constitute unapproved Investigational New Drugs.
>
> C. DRC's actions in obtaining compounded controlled substances for use as execution drugs, its import, purchase, possession, dispensing, distribution and/or administrations (and any other terms of art under the CSA or FDCA) of those drugs violate federal law.
>
> D. The violations of federal statutory law committed by the State of Ohio will amount to a fundamental defect in the execution process warranting habeas corpus relief.

(ECF No. 155-1, PageID 9946-47.)

This is not an Eighth Amendment claim, Chinn says, but a statutory claim, and *Campbell* speaks only to claims based on the Eighth Amendment (Response, ECF No. 183, PageID 10245-47).

In its prior Order allowing amendment to add this claim, neither the Court nor the parties analyzed it separately from the Eighth Amendment claims. Over the Warden's objections, the Court found it fit within the "cognizability window" recognized in *Adams III* (ECF No. 160, PageID 10097).

In the *Campbell* case itself in this Court Petitioner Campbell sought to plead as a Fourth Ground for Relief a claim which is a verbatim copy of Chinn's Twenty-Seventh Ground for Relief (See Case No. 2:15-cv-1702, ECF No. 47-1, PageID 822). Thus a claim identical to Chinn's was before the Sixth Circuit when it decided *Campbell*; it was among the "current

8

claims" referred to by the circuit court in its decision. *Campbell* at *5. As to all of those claims, the circuit court wrote:

> We simply hold that, on these facts, Campbell has not presented any new *habeas* claims that (if meritorious) would require us to vacate his death sentence. As we noted in rejecting Campbell's first argument—even if we were to agree with Campbell on the substance here, Ohio would still be permitted to execute him. The proper method for Campbell to bring these claims is in a § 1983 action under *Baze*—as he has done in the district court. *See In re Ohio Execution Protocol Litig.* if he prevails on the merits, the district court will enjoin Ohio officials from executing Campbell by lethal injection. Again, his claim is newly ripe, but he is here attempting to seek relief in the wrong forum.

*Campbell* at *19-20. If Campbell's proposed Fourth Ground for Relief did not state a claim cognizable in habeas, then neither does Chinn's identically worded Twenty-Seventh Ground.

Chinn, like Campbell, is a party to *In re: Ohio Execution Protocol Litig.*, Case No. 2:11-cv-1016, and has pleaded parallel claims in the Fourth Amended Omnibus Complaint. (See ECF No. 1252, PageID 45852-60, in that case, particularly the Thirtieth Cause of Action under the Due Process Clause and the Thirty-First Cause of Action under the Equal Protection Clause.)

**Claims Under *Hurst***

Petitioner also previously moved to amend to add claims under *Hurst v. Florida,* 136 S. Ct. 616 (2016)(ECF No. 145). The Magistrate Judge denied that Motion (ECF No. 148). Petitioner objected (ECF No. 153) and Chief Judge Sargus recommi9ttd the matter (ECF No. 154). In a Supplemental Memorandum Opinion, the Magistrate Judge adhered to his decision that *Hurst* does not apply retroactively (ECF No. 159). Chinn objected (ECF No. 164) and Chief Judge Sargus again recommitted the matter (ECF No. 166). The Second Supplemental Report

9

and Recommendations (ECF No. 169) contained analysis of both the lethal injection invalidity claims and the *Hurst* claims. In ordering Petitioner to show cause regarding Campbell, the Magistrate Judge withdrew the Second Supplemental Report and Recommendations (ECF No. 182). The parties have not, however, discussed *Hurst* in their Responses to the Show Cause Order.

To avoid any lack of clarity on the point, the Magistrate Judge again denies leave to amend to add a claim under *Hurst* because *Hurst* does not apply to cases on collateral review because the Supreme Court has not made it retroactive. *In re Coley*, 871 F.3d 455 (6th Cir.) Coley was decided after the Second Supplemental Report and Recommendations was filed, but confirms its conclusion.

**Conclusion**

Because Chinn's proposed lethal injection invalidity amendments do not state claims upon which habeas corpus relief can be granted, the Motion to Amend to add them (ECF No. 155) is DENIED. On the basis of *Coley, supra,* the Motion to Amend to add claims under *Hurst* (ECF No. 145) is again DENIED.

November 8, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge
