# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVEL CHINN,

                Petitioner,      :      Case No. 3:02-cv-512

      - vs -                             Chief Judge Edmund A. Sargus, Jr.
                                         Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Institution,
                                             :
                Respondent.

## SUPPLEMENTAL MEMORANDUM

       This capital habeas corpus case is before the Court on Petitioner's Appeal (ECF No. 187) of the Magistrate Judge's Decision and Order ("Decision," ECF No. 186) denying Petitioner's Motions to Amend to add lethal injection invalidity claims and claims under *Hurst v. Florida*, 577 U.S. ___, 136 S.Ct. 616 (2016). The Warden has responded to the Appeal (ECF No. 188) and Chief Judge Sargus has recommitted the matter for a supplemental memorandum analyzing the Appeal (ECF No. 189).

       The Magistrate Judge denied amendment to add lethal injection invalidity claims on the basis of *In re Campbell,* 874 F.3d 454 (6th Cir. 2017), *cert. den. sub nom. Campbell v. Jenkins,* 2017 U.S. LEXIS 6891 (Nov. 14, 2017). Adding a claim under *Hurst* was denied on the basis of *In re Coley*, 871 F.3d 455 (6th Cir. 2017).

       Petitioner first argues that, although a motion to amend is non-dispositive, review of a

Magistrate Judge's legal conclusions is de novo (Appeal, ECF No. 187, PageID 10265-66). The Magistrate Judge agrees.

**Claim under *Hurst***

Chinn argues the Magistrate Judge's reliance on *Coley* to deny an amendment to add a claim under *Hurst* is "misplaced" because the "relevant issue in *Coley* was whether the petitioner could pursue a second or successive habeas petition under 28 U.S.C. § 2244(b)(2)." (Appeal, ECF No. 187, PageID 10266).

In *Coley* the Sixth Circuit expressly decided that the District Court correctly found Coley's petition was second-or-successive and thus subject to the § 2244(b)(2) bar. 471 F.2d at 457-58. It found Coley's second-in-time petition did not fit within either of the two exceptions to § 2244(b)(2) recognized in *Panetti v. Quarterman,* 551 U.S. 930 (1998)(lack of ripeness of claim at the time of the first petition) and *Slack v. McDaniel*, 529 U.S. 473 (2000)(mixed petition dismissed for lack of exhaustion without merits decision). The *Coley* court found there was no exception for a claim under a rule adopted after the first petition was adjudicated. It rejected the suggestion made in Judge Merritt's dissent and repeatedly argued by capital habeas petitioners in this Court that a new rule is a newly arising factual predicate, allowing a second petition without satisfying § 2244(b)(2). 471 F.3d at 457, citing *In re Tibbetts*, 869 F.3d 403 (6th Cir. 2017).

The *Coley* panel assumed *Hurst* announced "a new rule of constitutional law," but found the Supreme Court had not made that rule retroactively applicable to cases on collateral review. 471 F.3d at 457. This does not count as a holding that *Hurst* is not retroactive, Chinn argues, because "[t]he statutory framework [of § 2244(b)(2)] is substantially more restrictive than the

general retroactivity framework set out in *Teague [v. Lane*, 489 U.S. 288 (1989)], which governs Chinn's present proceedings." (Appeal, ECF No. 187, PageID 10266.)

The Magistrate Judge agrees that this case is Chinn's first habeas application related to his death sentence and he therefore does not have to satisfy § 2244(b)(2). The question of whether *Hurst* applies retroactively is therefore governed by *Teague* which requires the lower courts to decide retroactivity questions in the first instance rather than requiring, as 2244(b)(2) does, an initial decision on that question by the Supreme Court itself. See *Wiegand v. United States*, 380 F.3d 890, 892 (6th Cir. 2004).

Although *Teague* governs the retroactivity question, a number of judges of this Court have already held that *Hurst* is not to be applied retroactively.[1] In *Smith v. Pineda*, 2017 WL 631410 (S.D. Ohio Feb. 16, 2017) and *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 21946 (S.D. Ohio Feb. 15, 2017), the undersigned held that under *Teague, Hurst* does not apply retroactively. In *Gapen v. Robinson,* 2017 U.S. Dist. LEXIS 130755 (S.D. Ohio Aug. 15, 2017), District Judge Rice reached the same conclusion. In *Davis v. Bobby,* 2017 U.S. Dist. LEXIS 157948 (S.D. Ohio Sep. 25, 2017), Chief Judge Sargus reached the same conclusion, as he did in *Lindsey v. Jenkins*, Case No. 1:03-cv-702 (S.D. Ohio Sep. 25, 2017) as well. District Judge Marbley reached the same conclusion in *Myers v. Bagley,* Case No. 3:04-cv-174 (S.D. Ohio Sep. 12, 2017)(unreported; available in that case at ECF No. 126), and *Robb v. Ishee*, Case No. 2:02-cv-535 (S.D. Ohio Sep. 12, 2017)(unreported; available in that case at ECF No. 213).

In all seven of these cases, the death row inmate is represented by one or more attorneys employed by the Federal Public Defender for the Southern District of Ohio. Therefore, each of

---

[1] Without discussing *Teague*, the Sixth Circuit applied *Hurst* retroactively in *Hutton v. Mitchell*, 839 F.3d 486 (2016), but that decision was summarily reversed by the Supreme Court, *Jenkins v. Hutton*, 582 U.S. ___, 137 S.Ct. 1769 (2017)(GVR), also without discussing *Teague*.

those attorneys had notice – without doing any legal research – of these seven in-point precedents that reject the argument made in the Appeal. Moreover, all of those precedents are recent, having been handed down this year. And yet none of these precedents is cited in the Appeal. In any objections to this Supplemental Memorandum, Petitioner's counsel shall explain why failure to cite these cases is not a violation of Rule 3.3 of the Ohio Rules of Professional Conduct.

The Magistrate Judge agrees *Coley* does not address the question of *Teague* retroactivity. But under the reasoning of these seven cited decisions, *Hurst* is not retroactive under *Teague*.[2] Petitioner has cited no authority to the contrary, i.e., no Ohio case holding *Hurst* does apply retroactively.

Nor does Petitioner offer any argument as to why, apart from precedent, *Hurst* should apply retroactively under *Teague*. To summarize the argument made in the cited cases, *Hurst* is new because it was not dictated by precedent; the Supreme Court overruled two precedents to reach the result in *Hurst*, *Spaziano v. Florida*, 468 U.S. 447 (1984), and *Hildwin v. Florida*, 490 U.S. 638 (1989), were expressly overruled. *Hurst* is not "substantive" in the *Teague* sense because it does not place certain conduct or a certain class of defendants beyond the power of the State to punish. It is also not a watershed procedural rule, but rather an application of *Ring v. Arizona*, 536 U.S. 584 (2002), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Chinn argues that lack of retroactivity under *Teague* is an affirmative defense "subject to waiver by the Warden." (Appeal, ECF No. 187, PageID 10266, citing *Buck v. Davis*, 137 S.Ct. 759, 780 (2017).) In *Buck*, the Court noted language in *Danforth v. Minnesota*, 552 U.S. 264 (2008), which characterized *Teague* as providing a defense that could be waived by failure to

---

[2] In *Gapen*, Judge Rice disagreed that *Hurst* announced a new rule, despite the fact that the Supreme Court had overruled two of its precedents in deciding *Hurst*. Nonetheless, he agreed the case did not apply retroactively.

4

timely raise it.  In *Buck*, however, the *Teague* argument had been raised only at the "eleventh hour," i.e., at briefing on the merits in the Supreme Court after certiorari had been granted.  *Id.*  The Supreme Court acknowledged it had discretion to reach the *Teague* issue, but declined to do so because it had granted certiorari to decide other important issues in the case.

In *Buck* the Court on this point elides a distinction between waiving an issue by affirmatively and voluntarily giving it up, and forfeiting an issue by not timely raising it. Compare *Day v. McDonough*, 547 U.S. 198, 207-8 (2006),where the Court held the statute of limitations is an affirmative defense which is forfeited if not pleaded as required by Fed. R. Civ. P. 8(c).  A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day*, 547 U.S. at 207-8 (upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).  In *Wood v. Milyard*, 566 U.S. 463, 473 (2012), the Court held courts of appeals also have authority to consider timeliness defense *sua sponte,* but only if the defense is forfeited, not if it is waived.  The Court further noted that "the distinction between defenses that are 'waived' and those that are 'forfeited.'  A waived claim or defense is one that a party has knowingly and intelligently relinquished; a forfeited plea is one that a party has merely failed to preserve." *Wood*, 566 U.S. at 470 n.4, citing *Kontrick v. Ryan*, 540 U.S. 443, 458 n.13 (2004); *United States v. Olano,* 507 U.S. 725, 733 (1993).  The Warden insists that she has "never waived any defense under *Teague v. Lane*."  (Response, ECF No. 188, PageID 10273.) *Teague* is cited in the Return of Writ as barring application of *Crawford v. Washington*, 541 U.S. 36 (2004) to this case.  (Return, ECF No. 24, PageID 200.)

Even if no federal authority holds *Hurst* to be retroactively applicable to cases on collateral review, Chinn argues the Ohio courts might do so and notes that he is currently

5

litigating a *Hurst* claim in state court. Chinn correctly notes that state courts are not prevented from finding Supreme Court cases retroactive "as a matter of state law." (Appeal, ECF No. 187, citing *Danforth v. Minnesota*, 552 U.S. 264, 266 (2008). True enough. If the Ohio courts find *Hurst* retroactively applicable and thereupon grant Chinn relief from his conviction, this Court will speedily dismiss this case as moot. But in this Court the question of *Teague* retroactivity is and will remain a question of federal law. *Danforth* does not suggest that a finding of retroactivity by a state court becomes a federal precedent.

**Lethal Injection Invalidity Claims**

In the Decision, the Magistrate Judge found that *In re Campbell*, *supra*, precludes litigating lethal injection invalidity claims in this habeas corpus case. The reasons why this Court should follow *Campbell*, despite Petitioner's argument that *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016), cert. denied sub. nom. *Adams v. Jenkins*, 137 S.Ct. 814, 196 L. Ed. 2d 60 (2017), remains binding precedent despite *Campbell* are discussed at length in the Decision (ECF No. 186, PageID 10256-61) and will not be repeated here. The same analysis was followed in rejecting lethal injection invalidity claims in capital habeas cases in *Bays v. Warden*, No. 3:08-cv-076, 2017 U.S. Dist. LEXIS 183511 (S.D. Ohio Nov. 6, 2017), and 2017 U.S. Dist. LEXIS 200400 (S.D. Ohio Dec. 6, 2017), and in *Turner v. Hudson,* 2017 U.S. Dist. LEXIS 202425 (S.D. Ohio Dec. 8, 3017).

**Conclusion**

Having reconsidered the matter in light of the Appeal, the Magistrate Judge remains convinced that Chinn's lethal injection invalidity and *Hurst* claims are not cognizable in habeas corpus. It is therefore respectfully recommended that the Chief Judge overruled the Appeal and adopt the original Decision.

December 13, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge