IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAVEL CHINN,

        Petitioner,    :    Case No. 3:02-cv-512

  - vs -        District Judge Sarah D. Morrison
                              Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Institution,
                               :

        Respondent.

# FOURTH SUPPLEMENTAL MEMORANDUM ON PROPOSED AMENDMENTS

This capital habeas corpus case is before the Court on Petitioner's Notice of Additional Authority (ECF No. 204). In the Notice, Chin notes the Court that one of his pending proposed amendments – to add a Twenty-Third Ground for Relief based on *Hurst v. Florida*, 577 U.S. ___, 136 S.Ct. 616 (2016) – is subject to "relevant, recent controlling authority," to wit, *McKinney v. Arizona,* 589 U.S. ___, 140 S.Ct. 702 (2020)(Notice, ECF No. 204, PageID 10357).

The Magistrate Judge agrees with Petitioner that *McKinney* is relevant and controlling. Relevant to the proposed amendment in this case, the Supreme Court held:

> McKinney's case became final on direct review in 1996, long before *Ring* and *Hurst*. *Ring* and *Hurst* do not apply retroactively on collateral review. See *Schriro* v. *Summerlin*, 542 U. S. 348, 358 (2004). Because this case comes to us on state collateral review, *Ring* and *Hurst* do not apply.

140 S.Ct. at 75. Justice Ginsburg in dissent would have held that McKinney's case was before

the Supreme Court on direct review; but even if her view on that point had prevailed, it would not have changed the effect of *McKinney* on this case: Chin is plainly before this Court on collateral review and Justice Ginsburg expresses no dissent from the general proposition laid down in *Teague v. Lane*, 489 U.S. 288 (1989), and reinforced in *Schriro* that new rules of constitutional law do not apply retroactively to cases on collateral review unless they fall within one of the two exceptions adopted in *Teague*. *McKinney*, 140 S.Ct. at 77. Thus the position of the undersigned[1] that *Hurst* is not to be applied retroactively in habeas corpus has now been adopted by the Supreme Court.

Based on *McKinney*, the Magistrate Judge again respectfully recommends that Petitioner's Motion to Amend to add a claim under *Hurst* be denied.

March 10, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] That has been the consistent position of the judges of this Court. *Smith v. Pineda*, 2017 WL 631410 (S.D. Ohio Feb. 16, 2017)(Merz, M.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 21946 (S.D. Ohio Feb. 15, 2017)(Merz, M.J.); *Gapen v. Robinson*, 2017 U.S. Dist. LEXIS 130755 (S.D. Ohio Aug. 15, 2017)(Rice, D.J.); *Davis v. Bobby,* 2017 U.S. Dist. LEXIS 157948 (S.D. Ohio Sep. 25, 2017)(Sargus, Ch. J.); *Lindsey v. Jenkins*, Case No. 1:03-cv-702 (S.D. Ohio Sep. 25, 2017)(Sargus, Ch. J.); *Myers v. Bagley*, Case No. 3:04-cv-174 (S.D. Ohio Sep. 12,2017)(Marbley, D.J.)(unreported; available in that case at ECF No. 126); and *Robb v. Ishee*, Case No. 2:02-cv-535 (S.D. Ohio Sep. 12, 2017)(unreported; available in that case at ECF No. 213).

2

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.