# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVEL CHINN,

                Petitioner,     :     Case No. 3:02-cv-512

    - vs -                        District Judge Sarah D. Morrison
                                       Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Institution,

                                     :

                Respondent.

## REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner's Motion to Amend the Judgment (ECF No. 210). Respondent opposes the Motion (Memo. in Opp., ECF No. 211) and Petitioner has filed a Reply Memorandum in support (ECF No. 212).

As a post-judgment motion, the Motion to Amend is deemed referred under 28 U.S.C. § 636(b)(3) for a report and recommendation. Ultimate decision of the Motion is reserved to District Judge Morrison.

**Authority vs. Propriety**

Petitioner's Motion begins with a discussion of the authority of the Court to amend its judgment, focusing on the recent Supreme Court decision in *Banister v. Davis* (Motion, ECF No. 210, PageID 10493, citing ___ U.S. ____, 140 S.Ct. 1698 (2020). There, the Supreme Court held: "The Rule enables a district court to 'rectify its own mistakes in the period immediately

1

following' its decision." *Banister*, 140 S.Ct.at 1703 , quoting *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982); accord: *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 270-71 (1978). The Supreme Court noted the historical derivation of the rule: "Rule 59(e) derives from a common-law court's plenary power to revise its judgment during a single term of court, before anyone could appeal," and it is a "one-time effort to bring alleged errors in a just-issued decision to a habeas court's attention, before taking a single appeal." *Banister*, 140 S. Ct. at 1709, 1710.

*Banister* was a habeas case, and the question on which certiorari was granted was whether a Rule 59(e) motion constituted a second or successive habeas petition subject to the strictures of 28 U.S.C. § 2244(b). *Banister*, 140 S. Ct. at 1702.[1] Because Banister's motion was held by the Court not to be a second or successive habeas petition, it stopped the running of the time for appeal, with the thirty-day limit beginning again when the Rule 59(e) motion was decided. *Banister* noted that Rule 59(e) practice in habeas cases was traditional long before the AEDPA. 140 S.Ct. at 1706, citing *Browder*, 434 U.S. at 258, 271.

But the *Banister* Court did nothing to broaden the scope of matters to be considered on a 59(e) motion, noting:

> [A] prisoner may invoke the rule only to request "reconsideration of matters properly encompassed" in the challenged judgment. *White*, 455 U.S. at 451, 102 S.Ct. 1162, 71 L.Ed.2d 325. And "reconsideration" means just that: Courts will not entertain arguments that could have been but were not raised before the just-issued decision.

140 S. Ct. at 1708. Chinn contests this conclusion, arguing "[w]hen addressing Rule 59 just this term, the Supreme Court did not adopt the stringent standard proposed by the old cases the

---

[1] "We granted certiorari to resolve a Circuit split about whether a Rule 59(e) motion to alter or amend a habeas court's judgment counts as a second or successive habeas application. 588 U. S. ____, 139 S.Ct. 2742, 204 L.Ed.2d 1130 (2019). We hold it does not, and reverse." *Banister*, 140 S. Ct. at 1705.

2

Warden cites." (Reply, ECF No. 212, PageID 10508). But the Supreme Court had before it the question of the **authority** of a District Court to deal with a Rule 59(e) motion in a habeas case[2], rather than the **propriety** of its granting relief within that authority.

Thus, *Banister* confirms the authority of a district court to entertain a Rule 59(e) motion in a habeas case, but reaffirms rather than broadening the scope of matters to be considered on such a motion. The proper scope of a Rule 59(e) motion is as set forth in the United States Court of Appeals for the Sixth Circuit precedent cited below, whether the standard be regarded by Chinn as "stringent" or not.

Respondent does not question the authority of the Court to amend the judgment, but argues Petitioner has not shown he is entitled to relief under traditional application of the Rule, which *Banister* did not change (Response, ECF No. 211, PageID 10504-06). Indeed, it is undisputed on what matters a district court may consider on a Rule 59(e) motion: "To grant a motion filed pursuant to Rule 59(e) . . . , 'there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 474 (6th Cir. 2009), quoting *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe,* 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217,* 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.,* 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis,* 912 F.2d at 133; *Collison,* 34 F.3d at 236; *Hayes,* 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995).

---

[2] Had the Supreme Court adopted the Fifth Circuit's position that Bannister's 59(e) motion was a second or successive petition, the District Court would have lacked jurisdiction to consider it. *Burton v. Stewart,* 549 U.S. 147 (2007); *Franklin v. Jenkins,* 839 F.3d 465(6th Cir. 2016).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.,* 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010).

Petitioner claims the judgment embodies a clear error of law in that it applied the incorrect standard for assessing the materiality of evidence suppressed in violation of *Brady v. Maryland* (Motion, ECF No. 210, PageID 10594-95, citing 373 U.S. 83 (1963). The District Court's decision is reported at *Chinn v. Warden, Chillicothe Corr. Inst*., No. 3:02-cv-512, 2020 U.S. Dist. LEXIS 94062 (S.D. Ohio May 29, 2020) (Morrison, J.). The conclusions which Petitioner states contain a "clear error of law" are in the following paragraph:

> This Court finds that the additional impeachment information, had counsel even chosen to use it, would not have so conclusively undermined Washington's testimony at the trial that it would have created a reasonable probability that the result of the trial would have been different. A *Brady* violation will not result in a new trial for a criminal defendant unless a court concludes that the improperly withheld evidence "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley,* 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Here, it is not apparent whether or to what extent trial counsel would have used the juvenile records. Additionally, the jury was made aware of discrepancies in Washington's account, but still found him to be a credible witness. The jury was made aware that Washington sometimes had difficulty remembering details accurately such as Petitioner's number in the lineup, Petitioner's height, which hand Petitioner held the gun, and how he had initially met Petitioner. Additionally, there was testimony that Washington could not read and write in cursive. Although the juvenile records may have been helpful to counsel, the Court cannot conclude that there was a reasonable probability that had they been disclosed, the result of the proceedings would have been different.

*Chinn,* 2020 U.S. Dist. LEXIS 94062 at *37-38. Petitioner claims this is clear error because "Chinn should not lose merely if 'the jury *could* have' been unmoved by the suppressed

4

evidence; only if it is convinced 'that [the jury] *would* have' discounted that evidence may the Court find the withheld evidence to be immaterial." (Motion, ECF No. 210, PageID 10495 (emphasis in original), quoting *Smith v. Cain*, 565 U.S. 73, 76 (2012); citing *Wearry v. Cain*, 136 S.Ct. 1002, 1007 (2016)). Petitioner criticizes the Court's decision for failure to discuss these cases and apply them. *Id*. at PageID 10495-96

The flaw in this argument is that neither *Smith* nor *Wearry* is applicable to this case. Because the state courts decided Chinn's *Brady* claim on the merits, this Court's task in habeas was to decide if the state court's decision was contrary to or an objectively unreasonable application of clearly established Supreme Court precedent. The relevant state court decision is that of the Ohio Second District Court of Appeals. *State v. Chinn*, No. 18535, 2001 Ohio App. LEXIS 3127 (Ohio App. 2nd Dist. Jul. 31, 2001). *Smith* was not decided until almost eleven years later and *Wearry* another five years after that. State court decisions on the merits of federal constitutional questions are to be measured by Supreme Court precedent existing *at the time of the state court decision*. Clearly established law means the law that existed at the time of the last state court adjudication on the merits. *Williams (Terry) v. Taylor*, 529 U.S. 362, 412 (2000). *Smith* and *Wearry* were not clearly established federal law at the time the Second District rejected Chinn's *Brady* claim. Therefore, it was not a clear error of law to fail to apply them to evaluating Chinn's *Brady* claim, even assuming they adopt a more liberal materiality standard than the Second District applied.

Without purporting to do so, Petitioner essentially asks this Court, in the person of one of its newest judges, for a *de novo* consideration of his *Brady* claim: "Chinn **implores** this Court to review the suppressed evidence and consider the following information contained within." (Motion, ECF No. 210, PageID 10497 (emphasis added)). While the Court has authority to

5

reconsider, the costs of doing so must be remembered. As Chief Judge Marbley has written in a published opinion, reconsideration consumes scarce judicial resources. *Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998).

Very considerable judicial resources have already been devoted to this case. The murder of which Petitioner was convicted occurred January 30, 1989. The "adult" bookstore behind which the victim was kidnapped before being executed was demolished so long ago that most Daytonians do not remember it. The Common Pleas Judge who tried the case, William McMillan, has long since retired. The distinguished panel of Second District Judges who decided the *Brady* claim – Frederick Young, William Wolff, and James Brogan – have also long since retired; indeed, Judge Wolff's successor will retire at the end of 2020. This habeas case was filed here in 2002. Like the Chancellors who presided *seriatim* over *Jaryndyce v. Jaryndyce*[3], Judge Morrison inherited this case upon assuming office (ECF No. 199) and promptly decided it. But even if she denies the Rule 59(e) Motion, the case will not be over because this Court has granted a certificate of appealability on the *Brady* claim. *Chinn*, 2020 U.S. Dist. LEXIS 94062 at *212-13. Should the Sixth Circuit take the usual amount of time it does to consider capital cases without an imminent execution date, it is unlikely the undersigned will still be on the bench should it order a remand. In contrast, all three of the attorneys who signed the Motion were admitted to practice more than ten years after the crime in suit.

Our American legal system's current manner of handling capital cases, with its permission for continual demands for reconsideration, erodes public confidence in the judiciary, both by keeping cases from finality for decades and then producing middle-of-the-night Supreme Court decisions. See *Gomez v. U.S.D.Ct., N.D. Cal.,* 503 U.S. 653 (1992), *superseded on other grounds by* the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat.

---

[3] CHARLES DICKENS, BLEAK HOUSE (1852-53).

1214; *Barr v. Purkey,* 2020 U.S. LEXIS 3576 (Jul. 16, 2020).  This Court should not encourage repeated demands for reconsideration by reconsidering Chinn's *Brady* claim *de novo.*

**Conclusion**

It is respectfully recommended that the Motion to Alter or Amend the judgment (ECF No. 210) be denied.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability on the issues raised on the Motion.

July 24, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.